**STEEDMAN et al. v. UNITED STATES.**

No. E–563.

Court of Claims.

Nov. 12, 1940.

George R. Shields, of Washington, D. C. (William R. Rodenberg, of Washington, D. C., on the brief), for plaintiffs.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, and GREEN, Judges.

WHITAKER, Judge.

This case is before us on a motion to reopen and readjudicate the case and for judgment.

Kate M. Howard, mother of the plaintiffs, died on February 23, 1923, a resident of St. Louis, Mo., leaving a gross estate of $1,757,542.89, of which $433,700 was real estate situated in Missouri. The Commissioner of Internal Revenue determined a net estate of $1,596,355.89, upon which a federal estate tax was assessed of $113,062.71, which was paid. In due course the plaintiffs filed a claim for refund of $45,297.07 on the theory that the real estate situated in Missouri had been erroneously included in the decedent's gross estate. This claim was disallowed by the Commissioner of Internal Revenue and suit was brought in this court.

We held in an opinion reported in 63 Ct.Cl. 226, that the real estate had been properly included in the gross estate of the decedent and dismissed plaintiffs' petition. Petition for certiorari was denied by the Supreme Court (275 U.S. 528, 48 S.Ct. 20, 72 L.Ed. 408). Subsequently, the Supreme Court decided the case of Crooks v. Harrelson, 282 U.S. 55, 51 S.Ct. 49, 75 L.Ed. 156, holding that real estate situated in Missouri should not be included in the gross estate of a decedent.

After this case had been decided, and on April 13, 1940, Congress passed an act (Private, No. 303, 76th Congress, Chapter 99, 3d Session) conferring jurisdiction on this court and directing it to reopen and readjudicate the case—"* * * giving due weight in such readjudication to any decision of the Supreme Court of the United States rendered since February 28, 1927, construing the relevant provisions of the applicable statutes, particularly the identical terms of section 402 of the Revenue Acts of 1918 and 1921, and if such Court of Claims in such readjudication shall find upon said evidence that, under the provisions of the Revenue Act of 1921, the plaintiffs are entitled to a judgment under the relevant statutes, as now construed by the Supreme Court of the United States, particularly the terms of section 402 of the Revenue Acts of 1918 and 1921, then the court shall enter its judgment in favor of the said Carrie Howard Steedman and Eugenia Howard Edmunds in said cause for such sums as said evidence will justify, not to exceed the amount claimed in the original petition in the Court of Claims, with interest as provided by law."

In the case of Crooks v. Harrelson, supra, the Supreme Court held that under the act of 1918 real estate situated in Missouri should not be included in the gross estate of a decedent dying while said act was in force. This case is controlling here, since section 402 of the 1918 act, 40 Stat. 1097, reads verbatim as does section 402 of the act of 1921, 42 Stat. 227, 278, which is applicable here. Accordingly, we are obliged to now hold that the Missouri real estate of the decedent Kate M. Howard was improperly included in her gross estate.

The defendant in its memorandum on plaintiffs' motion to reopen and readjudicate does not contest this, but says that if this real estate is to be excluded from the decedent's gross estate, the taxes due thereon at the time of decedent's death, which had been allowed by the Commissioner as a deduction from the decedent's gross estate, should now be disallowed. This is the sole issue before us.

Section 403(a) (1) of the Revenue Act of 1921, 42 Stat. 279, allows deductions, among others, for—"Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages upon, or any indebtedness in respect to, property (except, in the case of a resident decedent, where such property is not situated in the United States), * * *."

The defendant says that by this section it was intended to allow a deduction only for such mortgages or such indebtedness in respect to such property as was included in the estate subjected to the tax. We think this is correct.

The estate tax was levied "upon the transfer of the net estate." The net estate is ascertained by deducting from the gross estate charges that had to be paid

before distribution could be made. The tax is on the transfer, and the deductions allowed were deductions with respect to the things transferred. So, when the act speaks of the decedent's estate or of the decedent's property, it speaks of her estate or her property the transfer of which is subjected to the tax.

It will be noted that section 403(a) (1) of the Revenue Act of 1921, 42 Stat. 279, did not permit deductions of unpaid mortgages or indebtednesses against property belonging to a resident decedent which was not situated in the United States. Such property was excluded because—"It has been held by the Attorney General that real estate located outside the United States belonging to a resident of the United States at the time of his death, is not to be included in determining the value of the gross estate of such decedent for the purposes of the tax imposed by Title II of the Revenue Act of 1916. (31 Op.Atty. Gen., 287.) This opinion is regarded as applicable also to Title IV of the present law, which authorizes the deduction of 'unpaid mortgages.' The proposed bill so amends the section as to exclude the right, if any, to deduct mortgages upon, or any indebtedness with respect to, the property of a resident decedent which is located outside the United States. [Senate Report No. 275, 67th Congress, 1st Session, Calendar No. 289, on the Internal Revenue Bill of 1921.]"

This indicates that Congress meant to allow the named deductions only with respect to such property as was included in the estate the transfer of which was subjected to the tax. It is true that this exception does not apply to such property as that in question, but it nevertheless clearly indicates that when Congress used the word "property" it referred only to such property as was included in the gross estate to be considered in measuring the tax.

■ It results that the plaintiffs are entitled to recover such amount of the estate tax paid as was attributable to the inclusion within decedent's gross estate of the real estate situated in Missouri, less the amount of taxes allowed with respect to such real estate. The motion to reopen and readjudicate is allowed, but entry of judgment will be deferred until the filing by the parties of a stipulation of the correct amount due in accordance with this opinion, or, in the absence of a stipulation, until the incoming of a report from a commissioner of this court as to the correct amount. It is so ordered.

WHALEY, Chief Justice, and GREEN, Judge, concur.

LITTLETON, Judge, dissents.