## HELVERING, Com'r of Internal Revenue, v. STORMFELTZ.

### No. 12797.

Circuit Court of Appeals, Eighth Circuit.
June 3, 1944.

Rehearing Denied June 30, 1944.

Ray A. Brown, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., Robert N. Anderson, Sp. Asst. to Atty. Gen., and L. W. Post, Sp. Asst. to Atty. Gen., on the brief), for petitioner.

E. H. Gamble, of Kansas City, Mo., for respondent.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This matter is before us on petition to review a decision of the United States Tax Court, which on redetermination of a deficiency in respondent's income tax for 1939 found no tax due.

The facts are not in dispute and were stipulated. So far as here material, they are as follows: T. W. Ballew, respondent's grandfather, died intestate in 1911, leaving respondent as one of his four heirs at law. As respondent was then a minor, a guardian of his property was appointed. In 1931, respondent, who in the meantime

had reached his majority, commenced an action against his guardian and the surety on his bond, to recover money alleged to be due him from the guardian and which the guardian had embezzled or converted to his own use. The action was removed to the United States District Court for the Western District of Missouri, where it was dismissed on the ground that the complaint did not state facts sufficient to constitute a cause of action. On appeal we reversed the trial court and remanded the case for trial. State ex rel. v. Title Guaranty & Surety Co., 8 Cir., 72 F.2d 595. The action was then tried on its merits, resulting in a judgment in favor of plaintiff, which judgment on appeal to this court was modified and affirmed. Title Guaranty & Surety Co. v. State ex rel., 8 Cir., 105 F.2d 496. Judgment was finally entered in the trial court pursuant to stipulation in the sum of $229,971.56 on July 15, 1939. On that date cashier's check of the First National Bank of Kansas City, Missouri, payable to the order of respondent and his attorneys, for the amount of the judgment was issued and the judgment was thereupon satisfied. On the same date and as a part of the same transaction, by agreement between respondent and his attorneys the cashier's check was placed without endorsement with the trust department of a bank in Kansas City, Missouri.

Respondent had entered into a written contract of employment with his attorneys on February 4, 1931, whereby it was agreed that in the contemplated litigation the attorneys were to have "a fee of forty (40%) per cent of any amount realized in or from or by reason of said claims, but said fee of said attorneys is not to exceed the sum of Eighty Thousand ($80,000.00) Dollars." On October 22, 1936, a supplemental agreement was entered into between respondent and his attorneys, which fixed the proportionate part which each attorney should have in the contingent fee, and which also provided that "the fee of said attorneys is not to exceed the principal sum of $80,000.00; and upon reduction of said claim to judgment 40% of such judgment up to the sum last aforesaid shall vest in them or their estates; but if nothing is realized on said claim or judgment based thereon they shall receive nothing for their services; and no compromise of said claim is to be made without the consent of the party of the first part." On August 5, 1939, respondent and his attorneys endorsed the cashier's check for $229,971.56, and the bank paid the attorneys from the amount of said cashier's check the sum of $86,637.46, comprising the sum of $80,000, the agreed maximum attorney fees, and $6,637.46, interest on that amount from the date of judgment. The attorneys also received at the same time from the bank $13,415.84, which they had advanced as expense of litigation. There remained $129,918.26, which amount was paid by the bank from said cashier's check to the respondent.

In his 1939 income tax return respondent deducted as an expense $100,053.30, being the total of the attorney fees and expenses paid the attorneys. The commissioner determined a deficiency in his 1939 income tax, holding that he had received $93,878.59 principal and $136,092.97 interest in settlement of the judgment; that the $136,092.97 interest was income and that the attorney fees and other litigation expenses were not deductible items. On petition for redetermination the tax court held that these items were deductible as ordinary and necessary expenses paid during the taxable year under the provisions of Section 23(a) (2) of the Internal Revenue Code, as amended by Revenue Act of 1942, § 121(a), 56 Stat. 819, 26 U.S.C.A. Int. Rev.Code, § 23(a) (2).

The commissioner here contends that the tax court erroneously allowed the deductions because they were not expended for the production or collection of income, nor for the management, conservation, or maintenance of property held for the production of income within the purview of the Revenue Act of 1942.

Prior to the enactment of Section 23(a) (2), as amended by the Revenue Act of 1942, deductible expenses were confined to expenditures incurred in carrying on a trade or a business. Higgins v. Commissioner, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783; City Bank Farmers Trust Co. v. Helvering, 313 U.S. 121, 61 S.Ct. 896, 85 L.Ed. 1227; United States v. Pyne, 313 U.S. 127, 61 S.Ct. 893, 85 L.Ed. 1231. The amendment to the Act of 1938, Sec. 23(d), 26 U.S.C.A. Int.Rev.Code, § 23(d), was designed to effect a change in the tax exemption provision, by virtue of which certain expenses paid for non-business and non-trade purposes were nevertheless deductible. In the instant case, the tax court divided or classified the recovery made by respondent into principal or capital amounting to $93,878.59 and interest recovered,

984

amounting to $136,092.97. This classification of the recovery reflects the basic facts as ultimately established by the judgment and would seem to be the logical method of separation.

Section 23(a) (2), as amended by § 121(a) of the Revenue Act of 1942, provides for non-trade and non-business deductions as follows:

"In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."

 It is observed that two classes of expenditures are provided for: (1) Those incurred for the production or collection of income and (2) those incurred for the management, conservation or maintenance of property held for the production of income. Insofar as the recovery consisted of interest, it was income and the expense of its collection was clearly deductible. So far as the recovery was of capital, authority for the deduction for the expense of its recovery must be found, if at all, in that part of the statute permitting deduction of expenses paid "for the management, conservation, or maintenance of property held for the production of income." The expense, to be deductible, must have been incurred for the management, conservation or maintenance of property held for the production of income. This property, we think, was not held for the production of income. Respondent at the inception of the litigation had an unliquidated claim against his guardian for the money alleged to be due. He had a long and laborious struggle to recapture or recover what had been taken from him by his guardian. He was compelled to establish his right to recover by protracted litigation and with the establishment of this right he recovered what had been taken from him. He did not, however, seek to pursue or fasten a claim upon any specific property, but instead he brought an action at law to recover damages. The claim, to be sure, was property, a chose in action, but it was not in the nature of property "held for the production of income." Not only must the property be "held for the production of income", but the expenses, to be deductible, must be for the management, conservation or maintenance of such property. So far as respondent is concerned, this litigation

had the effect of restoring property which had been wrongfully taken from him, but the property which he recovered was money. His expenses were not for the maintenance, conservation or management of property from which rent was to be collected; in fact, if respondent had not recovered judgment on his claim he would not have recovered either principal or interest. Expenses for management, conservation or maintenance imparts the idea of utilization and preservation of specific property owned and used by the taxpayer. There was no vitality or value in this claim until plaintiff's right had been established and the amount had been finally recovered. The expenses here are analogous to expenditures incurred for the purpose of protecting title to property. It has been held that under this amendment such expenses are not deductible because they are capital expenditures. Bowers v. Lumpkin, 4 Cir., 140 F.2d 927, 929.

In Bowers v. Lumpkin, supra, the taxpayer expended a large sum of money in defending her title to certain stock. This she sought to deduct from her gross income. In the course of the opinion, in referring to the statute under which the deduction was claimed (Section 23(a) (2)), the court, among other things, said:

"It is contended that the phrase 'all the ordinary and necessary expenses' in the amendment covers more ground than it did in the original act because the amendment expressly authorizes a deduction for expenses paid 'for the management, conservation, or maintenance of property held for the production of income'; and the word 'conservation' is said to be particularly pertinent in the pending case where the expenses were incurred in the protection of income producing stock from adverse attack. But the term 'conservation' can be given effect if it is limited to expenses ordinarily and necessarily incurred during the taxable year for the safeguarding of the property, such as the cost of a safe deposit box for securities. The term cannot be given the meaning contended for by the taxpayer without losing sight of the purpose which Congress intended to accomplish and the settled meaning that the phrase 'ordinary and necessary expenses' has been given in the administration and re-enactment of the federal income tax statutes."

 The allowance of the total of $100,053.30 expended was, we think, unwar-

ranted. Respondent was entitled to a deduction of that portion bf the expenses properly allocable to the recovery of interest, but was not entitled to a deduction for that part of the expenses properly allocable to the recovery of capital. 59.18% of the recovery was interest, and hence, income. The balance of the recovery was capital. Respondent was therefore entitled to a deduction of $59,209.74 on account of these expenditures. Such allocation attributes to each of the separate classes of recovery its proportionate part of the total expense and would seem to be a rational method of distribution of expense. Higgins v. Commissioner, supra.

■ Respondent contends that by virtue of the attorney's lien given by the Missouri statute, R.S.Mo.1929, Secs. 11716, 11717, Mo.R.S.A. §§ 13337, 13338, and the contract between him and his attorneys, there was vested in the attorneys an equitable title to their share of the judgment. The attorneys, however, received their share of the judgment for their services and expenses advanced. They did not receive their compensation from that part of the recovery which constituted capital alone, but from the judgment made up of both capital and income. If, therefore, we should sustain the contention that the attorneys were the equitable owners of an interest in the judgment, this would not in any event change the result.

■ Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, has been urged upon us as compelling an affirmance of the judgment of the tax court. There is here, however, no controversy over the facts, nor can it be said that the record presents a mixed question of law and fact. There is no question of tax accounting involved. Upon the undisputed facts we are called upon to determine a question of law. There is still a right of review by this court and whatever limitations have been placed upon the scope of our jurisdiction, we must determine the question of law involved. Security Flour Mills Co. v. Commissioner, 321 U.S. 281, 64 S.Ct. 596; Mahaffey v. Helvering, 8 Cir., 140 F.2d 879; Smith's Estate v. Commissioner, 3 Cir., 140 F.2d 759; Central National Bank of Cleveland v. Commissioner, 6 Cir., 141 F.2d 352.

The decision of the tax court is therefore modified by allowing respondent a deduction only of the prorata share of the

litigation expenses and attorney fees attributable to the recovery of interest. The case is remanded to the tax court with directions so to modify its judgment.