71 F.Supp. 29 (1947)
EDMUNDS
v.
UNITED STATES.
No. 4293.
District Court, E. D. Missouri, E. D.
April 4, 1947.
Homer Hall, of St. Louis, Mo., for plaintiff.
Sewall Key, Acting Asst. Atty. Gen., Wm. B. Waldo and Andrew D. Sharpe, Sp. Assts. to Atty. Gen., Harry C. Blanton, U. S. Atty., of Sikeston, Mo., and Rosemary M. Ramsey, Asst. U. S. Atty., of St. Louis, Mo., for defendant.
HULEN, District Judge.
The question here presented is whether $8,999.51 (resulting in a tax of $3,270.97), admittedly expended for legal services by plaintiff, is deductible from her gross income for the year 1941, under Section 23 (a) (2) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 23(a) (2). The facts are not in dispute. Kate M. Howard, mother of plaintiff, died in 1923 a resident of Missouri. There was included in *30 the Federal estate tax return, real estate in Missouri owned by decedent upon which a Federal estate tax of $45,297.07 was assessed. Plaintiff and her sister, sole heirs of Kate M. Howard, filed claim for refund, charging the Missouri land had been erroneously included in decedent's estate for tax purposes. The claim was disallowed by the Commissioner of Internal Revenue. Plaintiff and her sister brought suit, and lost, in the Court of Claims. Steedman v. U. S., 63 Ct. Cl. 226. The Supreme Court denied certiorari. 275 U.S. 528, 48 S.Ct. 20, 72 L.Ed. 408. Subsequently the Supreme Court decided the case of Crooks, Collector of Internal Revenue, v. Harrelson, 282 U.S. 55, 51 S.Ct. 49, 75 L.Ed. 156, holding real estate in Missouri should not be included in gross estate for determining Federal estate tax to be levied upon the transfer of the net estate. Following decision in the Crooks case Congress passed an Act, April 13, 1940, Priv. No. 303, 76th Cong., c. 99, 3d Sess., 54 Stat. 1256, conferring jurisdiction on the Court of Claims to reopen the case wherein plaintiff was denied relief. The Court of Claims then decided (35 F.Supp. 533) plaintiff and her sister were entitled to recover (loc. cit. 535) "the estate tax paid * * * [on] the real estate * * * in Missouri * * *." On March 27, 1941, the Treasury issued its check for $91,040.21, representing refund of the Federal estate tax of $44,997.56 plus interest of $46,042.65. For services in collecting such refund plaintiff paid attorney's fees of "$18,208.04".[1] The attorney was paid a percentage of the recovery of 40% as per agreement between attorney and client. The attorney's fee is the basis of this case. Plaintiff included with her 1941 return a letter asserting she was entitled to a deduction of the amount of attorney's fee paid by her. The Treasury Department ruled plaintiff was entitled to deduct that portion of the attorney's fee which was allocable to the interest received, but was not entitled to a deduction for that portion of the attorney's fee allocable to recovery of principal or tax paid. There was refunded to plaintiff as a result $4,231.22. Plaintiff filed a claim for deduction of the remainder of the attorney's fee representing a tax claim of $3,270.97. Plaintiff, having failed to secure favorable action on her last claim, instituted this action for $3,270.97.
Plaintiff included in her return for 1941 "interest" of $23,021.32 but did not report the principal received of $22,498.78.
Plaintiff has the burden of proving that the deduction claimed is within the Statute. Davis v. Commissioner of Internal Revenue, 8 Cir., 151 F.2d 441, loc. cit. 443. Recognizing her burden to point to some law authorizing the refund, she cites Section 23(a) (2) as amended by Section 121(a) of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Code, § 23(a) (2):
"(2) Non-trade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income." (Emphasis added.)
The section of the Revenue Act relied upon has received administrative ruling adverse to the claim.[2] Such rulings are *31 not binding on this Court but are entitled to great weight in the Court's consideration of the question presented. More decisive of the issue presented is the decision of the Eighth Circuit Court of Appeals in Helvering v. Stormfeltz, 8 Cir., 142 F.2d 982. In the Stormfeltz case the taxpayer sought deduction of attorney fees paid in recovering an estate to which he was entitled as an heir of T. W. Ballew. The taxpayer was a minor when the estate was settled. His share was turned over to a guardian. On reaching his majority he commenced an action against his guardian and guardian's surety to recover money alleged to have been embezzled by the guardian. The taxpayer was ultimately successful. His recovery included $136,092.97 interest. In his return the taxpayer deducted the total amount paid as attorney fees which was 40% of both principal and interest. The deduction was allowed by the tax court. The Commissioner appealed. The Court of Appeals reversed, holding (loc. cit. 984):
"* * * Insofar as the recovery consisted of interest, it was income and the expense of its collection was clearly deductible. * * * Respondent was entitled to a deduction of that portion of the expenses properly allocable to the recovery of interest, but was not entitled to a deduction for that part of the expenses properly allocable to the recovery of capital."
The facts in the present case and in the Stormfeltz case impress this Court as being substantially similar on points controlling under the law relied on by plaintiff. Collection by defendant of estate tax on Missouri real estate, from the Howard estate executors, subsequently declared without authority of law, deprived plaintiff of the money so paid to defendant as effectively as did the action of the guardian in converting his ward's money to his own use in the Stormfeltz case. The estate tax was paid to the Government and the ward's money was delivered to the guardian under legal authority at the time of the original transactions. In one case taxes are collected by the Government, and later held to be without legal right and in the other money is converted by the guardian without legal right. The action *32 by the taxpayer, in each case, was to recover money due as the result of inheritance. Litigation was instituted by the taxpayer in each case not for specific property but for money. As a result of the litigation the taxpayers were successful in obtaining money due them by inheritance. The taxpayer in each case not only collected the principal received or paid but also interest on the principal. The attorney's fee in each case was paid on a percentage basis of amount recovered, so it is possible to allocate the attorney's fee paid to recover principal and that paid to recover interest. In each case the taxpayer claimed a deduction for the total attorney's fees paid. In the Stormfeltz case a recovery of that part of the attorney's fee allocable to interest was approved by the Court of Appeals and denied as to that portion of the attorney's fee allocable to recovery of principal. The decision of the Court of Appeals is binding on this Court.
Plaintiff by brief relies on the second provision of the statute. To come within the second provision of the statute  "for management, conservation, or maintenance of property held for the production of income"  the expense must be incurred for the management, conservation, or maintenance of property held for the production of income. In this case, as in the Stormfeltz case, the fund recovered was never held, by plaintiff, for the production of income. Plaintiff received from her mother's estate at most only an unliquidated demand or claim on the Government. Plaintiff and her sister went through protracted litigation and recovery of the estate tax, illegally collected, and interest, came finally only by grace of an Act of Congress. Then did she receive (in the sense of "held" as the term is used in the Act) one-half of the tax allocable and paid by reason of inclusion in the estate return of Missouri real estate, and interest on the amount from the time it was paid by the Administrator until the refund by the Government to plaintiff. Plaintiff never at any time sought any specific property but at all times was seeking to establish the validity of a money claim. As stated in the Stormfeltz case:
"* * * Expenses for management, conservation or maintenance imparts the idea of utilization and preservation of specific property owned and used by the taxpayer."
Plaintiff never "owned" the refund until it was paid to her by the Government. She never "used" it until that time. On authority of the ruling of the Court of Appeals in the Stormfeltz case we conclude plaintiff's claim must be denied.

Findings of Fact.
1. Kate M. Howard died in 1923, leaving plaintiff as one of her two heirs. Included in the Federal estate tax return made by the executors of decedent's estate was certain real estate situated in Missouri and a Federal estate tax was paid upon the value represented by said real estate. Following protracted litigation the Court of Claims decided that real estate in Missouri should not have been included in the gross estate of decedent and accordingly a check was issued by the United States Treasury on March 27, 1941, to plaintiff and the other heir, of which plaintiff had a one-half interest, for $91,040.21, representing a refund of Federal estate tax of $44,997,56 and interest on said latter sum of $46,042.65.
2. The two heirs of decedent's estate had an agreement with counsel who represented them in the recovery of said tax whereby counsel were to be compensated on a contingent fee basis, and out of the amount received said heirs paid according to agreement with counsel, an attorney's fee of $36,406.08, of which sum plaintiff paid $18,208.04. Said fee agreement was reasonable.
3. No part of the attorney's fee was paid for the management, conservation or maintenance of property held for the production of income by plaintiff.
4. Plaintiff, in her Federal income tax return for the year 1941, reported as interest received $23,021.32 but did not report any part of the estate tax principal received.
5. At the time plaintiff filed her 1941 tax return she filed a letter which in effect claimed that the portion of attorney's *33 fees paid by her of $18,208.04 to obtain said refund from the Government should be allowed as a deduction and thereafter the Internal Revenue Bureau allowed as a deduction on the gross income of plaintiff to be taxed for the year 1941 the sum of $9,208.53, which sum represented the portion of said attorney's fees which was paid by plaintiff on the interest recovered by plaintiff of the Federal estate tax overpaid on the estate of the decedent Kate M. Howard in 1923, and the Internal Revenue Bureau refused to allow as a deduction the balance of said attorney's fees of $8,999.51, which was the portion of said attorney's fees which plaintiff paid for recovery of principal sum overpaid in the estate of the decedent Kate M. Howard. As a result of the allowance of said deduction of $9,208.53 defendant paid to plaintiff and plaintiff accepted the sum of $4,231.22. The income tax paid on said sum of $8,999.51 which was disallowed as a deduction from the gross income of plaintiff was $3,270.97, which latter amount plaintiff has sued for in this case.
6. Within three years after the filing of plaintiff's income tax return for the year 1941 plaintiff filed her claim with the Bureau of Internal Revenue for the recovery of said sum of $3,270.97 and on July 23, 1945, defendant, through the Internal Revenue Agent in Charge at St. Louis notified plaintiff that such latter claim was disallowed.

Conclusions of Law.
1. Under Section 23(a) (2), as amended by Section 121(a) of the Revenue Act of 1942, insofar as the recovery by plaintiff from defendant consisted of interest in respect to the refund of estate tax overpaid on the estate of Mrs. Kate M. Howard it was income, and attorney's fees expended in such recovery were deductible from plaintiff's Federal income tax gross return for the year 1941, but plaintiff was not entitled under said Act to deduction on that portion of attorney's fees paid by plaintiff for the recovery of principal of said overpayment.
2. No part of the attorney's fee claimed as a deduction was expended by plaintiff for the management, conservation or maintenance of property held by plaintiff for production of income, under the terms of Section 23(a) (2) of the Act.
3. Plaintiff is not entitled to recover in this action and judgment should be for the defendant.
NOTES
[1] This figure is used by both parties. The correct figure is $18,203.04.
[2] Treasury Regulations 103, promulgated under the Internal Revenue Code:

Sec. 19.23(a)-15 (as inserted by T. D. 5196, 1942-2 Cum.Bull. 96, 97-100, and amended by T.D. 5280, 1943 Cum.Bull. 1022, and T.D. 5331, 1944-4 Int.Rev.Bull. 4). Non-trade or Nonbusiness Expenses.  (a) In general.  Subject to the qualifications and limitations in Chapter 1 and particularly in section 24, as amended, an expense may be deducted under Section 23 (a) (2) only upon the condition that:
(1) it has been paid or incurred by the taxpayer during the taxable year (i) for the production or collection of income which, if and when realized, will be required to be included in income for Federal income tax purposes, or (ii) for the management, conservation, or maintenance of property held for the production of such income; and
(2) it is an ordinary and necessary expense for either or both of the purposes stated in (1) above.
* * * * *
Expenses, to be deductible under section 23(a) (2), must be "ordinary and necessary," which presupposes that they must be reasonable in amount and must bear a reasonable and proximate relation to the production or collection of taxable income or to the management, conservation, or maintenance of property held for the production of income.
(b) Except for the requirement of being incurred in connection with a trade or business, a deduction under this section is subject to all the restrictions and limitations that apply in the case of the deduction under section 23(a) (1) (A) of an expense paid or incurred in carrying on any trade or business.
* * * * *
Expenditures incurred in protecting or asserting one's rights to property of a decedent as heir or legatee, or as beneficiary under a testamentary trust, are not deductible expenses. Expenditures incurred for the purpose of preparing tax returns (except to the extent such returns relate to taxes on property held for the production of income), for the purpose of recovering taxes (other than recoveries required to be included in income), or for the purpose of resisting a proposed additional assessment of taxes (other than taxes on property held for the production of income) are not deductible expenses under this section, except that part thereof which the taxpayer clearly shows to be properly allocable to the recovery of interest required to be included in income.
T.D. 5513, approved May 14, 1946:
* * * * *
Expenses paid or incurred by an individual in the determination of liability for taxes upon his income are deductible. If property is held by an individual for the production of income, amounts expended in determining a property tax imposed with respect to such property during the period when so held are deductible. Expenses paid or incurred by an individual in determining or contesting any liability asserted against him do not become deductible, however, by reason of the fact that property held by him for the production of income may be required to be used or sold for the purpose of satisfying such liability. Thus, expenses paid or incurred by an individual in the determination of gift tax liability, except to the extent that such expenses are allocable to interest on a refund of gift taxes, are not deductible, even though property held by him for the production of income must be sold to satisfy an assessment for such tax liability or even though, in the event of a claim for refund, the amount received will be held by him for the production of income.