AGNES PYNE COKE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25822. Promulgated September 24, 1951.

*John N. Jackson, Esq.,* for the petitioner.
*J. Marvin Kelley, Esq.,* for the respondent.

---

OPINION.

JOHNSON, *Judge:* Petitioner contends that the amount of $100,-637.27 paid by her in 1945 for attorneys' fees and other costs incident to a suit against her former husband, John R. McLean, is deductible in full as an "ordinary and necessary" expense paid for the "production or collection of income," within the meaning of section 23 (a) (2), I. R. C. Respondent has determined that such expenditure is not a deductible expense under section 23 (a) (2) but has treated it as part of the cost of the stock and options sold under a compromise of the above-mentioned litigation. Petitioner contends in the alternative that the above expenses should be apportioned by adding to the cost of the stock and options sold the portion of the expenses allocable to the recovery of title and by allowing as a deduction from gross income under section 23 (a) (2) the portion allocable to the production or collection of income.

It has long been settled that expenses incurred in protecting title to property are not deductible but are to be treated as capital expenditures. *Jones' Estate* v. *Commissioner* (C. A. 5, 1942), 127 F. 2d 231, affirming 43 B. T. A. 691; *Murphy Oil Co.* v. *Burnet* (C. A. 9, 1932). 55 F. 2d 17, affirming 15 B. T. A. 1195, affirmed on other issues, 287 U. S. 299; Regulations 111, section 29.24–2. The rule has not been altered by the amendment, under section 121 of the Revenue Act of 1942, of section 23 (a) of the Code, extending deductibility to certain nonbusiness expense. *Bowers* v. *Lumpkin* (C. A. 4, 1944), 140 F. 2d 927, certiorari denied 322 U. S. 755; *James C. Coughlin*, 3 T. C. 420. Expenses incurred in recovering title to property are similarly nondeductible and similarly constitute capital expenditures. *Helvering* v. *Stormfeltz* (C. A. 8, 1944), 142 F. 2d 982; Regulations 111, section 29.23 (a)–15 (*b*).

Petitioner engaged counsel and brought suit against her former husband, John R. McLean, the facts show, upon discovering that

24,570 shares of stock and 8,000 options of Southern Aircraft Corporation, standing in her former husband's name and acquired during their marriage, were community property but had been treated as McLean's separate property when a property settlement was being made between the couple prior to their divorce. At the time of such discovery petitioner and McLean had been divorced and petitioner had remarried. The complaint in the suit filed by petitioner asked in part "that Plaintiff recover all properties now in the possession of Defendant, or any other person, firm or corporation, to which she may show herself to be justly entitled, and that she have judgment against the Defendant for all sums of money shown to be due to her hereunder." The suit was settled under a compromise agreement providing that the above 24,570 shares of stock and 8,000 options of Southern Aircraft Corporation were community property of which petitioner owned one-half, and further providing that the above stock and options be sold. The stock and options were sold and petitioner received as her share of the proceeds the sum of $246,560. (The original cost to petitioner of the stock and options sold was $61,425.) The contract between petitioner and her attorneys provided that she pay the costs of suit and that they receive a retainer of $15,000 and 30 per cent of the moneys and properties recovered, after payment of costs of suit and retainer.

The events leading up to the suit, the wording of the complaint, and the compromise agreement wherein petitioner's title was recognized clearly indicate, we think, that a part of the legal expenses here in question were incurred by petitioner in recovering title to property, i. e., to one-half of 24,570 shares of stock and 8,000 options of Southern Aircraft Corporation. To the extent, then, that the legal expenses here in question were incurred by petitioner to recover her basis and cost in property consisting of the above stock and options, we hold that such expenses constitute capital expenditures, not deductions from gross income.

The remainder of the legal expenses in question, however, we think unquestionably are deductible from gross income under section 23 (a) (2), as petitioner contends. That section provides that there shall be allowed as deductions as nontrade or nonbusiness expenses "all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income." Respondent determined that petitioner realized long term capital gain from the sale of the above-mentioned stock and options of Southern Aircraft Corporation. Respondent's own regulations provide that "the term 'income' for the purpose of section 23 (a) (2)   *   *   *   is not confined to recurring income but applies as well to gains from the disposition of property," Regulations 111, section 29.23 (a)–15 (a), such as were

realized here. Similarly, Regulations 111, section 29.23 (a)–15 (*b*) provides that "expenditures incurred in defending or perfecting title to property, in recovering property (other than investment property and amounts of income which, if and when recovered, must be included in income), * * * constitute a part of the cost of the property and are not deductible expenses." The plain inference of this language is that expenditures incurred in recovering "amounts of income which, if and when recovered, must be included in income," as here, are deductible expenses.

Respondent, however, contends that "the suit for which the fees were paid was not instituted to recover income and no income was in fact recovered." We have already pointed out that the complaint in the suit filed by petitioner asked not only for the recovery of properties "to which she may show herself to be justly entitled" but also "that she have judgment against the Defendant for all sums of money shown to be due to her hereunder." We think that the phrase "all sums of money * * * due to her" is sufficiently broad to include the capital gain here realized by petitioner. Nor do we see how respondent can contend that "no income was in fact recovered" when he himself has determined that petitioner realized capital gain, 1. e., income, which but for the suit filed and the compromise thereof she would never have realized.

Nor is there any question but that such income was collected through the efforts of petitioner's attorneys within the meaning of section 23 (a) (2). Certainly, their contingent fees were computed on the total recovery, which included that income. It has been stipulated that the fees and expenses here in question were reasonable. We hold on the facts before use that they were also both "ordinary and necessary." (Section 23 (a) (2).)

Petitioner relies principally on the case of *Margery K. Megargel*, 3 T. C. 238, to support her contention that the legal expenses here in question are deductible in full from gross income. In that case, however, this Court in effect upheld the taxpayer's right to offset against capital gain from the sale of stock legal expenses of a type similar to those incurred here. The present allocation was apparently not called for in that case.

We conclude that petitioner's alternative contention must be sustained, i. e., that the expenses here in question should be apportioned by capitalizing the portion allocable to the recovery of title and by allowing as a deduction from gross income under section 23 (a) (2) the portion allocable to the production or collection of income. There is ample precedent for apportioning legal expenses between deductible and nondeductible items. *Helvering* v. *Stormfeltz, supra; Barbara B. LeMond*, 13 T. C. 670; *William F. Falls*, 7 T. C. 66; *Estate of*

*Frederick Cecil Bartholomew*, 4 T. C. 349, affd. (C. A. 9, 1945) 151 F. 2d 534; *Edward Mallinckrodt, Jr.*, 2 T. C. 1128, affd. (C. A. 8, 1945) 146 F. 2d 1, certiorari denied 324 U. S. 871; *Kimbrell* v. *Dallman*, 80 F. Supp. 695; *Edmunds* v. *United States*, 71 F. Supp. 29. The facts show, as we have noted, that the basis of petitioner's stock and options was $61,425 and that she received proceeds from their sale amounting to $246,560. We hold that $\frac{61,425}{246,560}$ of the $100,637.27 in legal fees and costs here in question is allocable to the recovery of capital and therefore constitutes an addition to the cost of the stock and options sold, not a deduction from gross income. We hold that the remainder of the $100,637.27 in legal fees and costs is allocable to the production or collection of capital gain, i. e., income, and is deductible from petitioner's gross income.

*Decision will be entered under Rule 50.*