## GARRETT v. CRENSHAW.

No. 6396.

United States Court of Appeals
Fourth Circuit.

Argued April 7, 1952.

Decided April 23, 1952.

William C. Carter, Cumberland, Va., and M. J. Fulton, Richmond, Va., for appellant.

Paul T. O'Donoghue, Sp. Asst. to Atty. Gen., Ellis N. Slack, Acting Asst. Atty. Gen., A. F. Prescott, Sp. Asst. to Atty. Gen., A. Carter Whitehead, U. S. Atty., and Richard E. Lewis, Asst. U. S. Atty., Richmond, Va., on brief, for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from a judgment for defendant in an action instituted against a Collector of Internal Revenue to recover deficiencies in income taxes assessed against and paid by plaintiff. The question involved is whether expenditures in a suit to establish that certain income producing property was held in trust for plaintiff were deductible as ordinary and necessary expenses under either subsection (1) (A) or subsection (2) of Section (23) (a) of the Internal Revenue Code, 26 U.S.C. § 23(a). We think that the question was properly answered in the negative by the District Judge.

The facts are that the property in question, which included a mill, a store and a filling station, was formerly owned and operated by taxpayer and his brother. The brother proposed that taxpayer buy him out and this was agreed to, but, instead of accomplishing this by means of a direct con-

veyance, they had the property sold under the terms of a deed of trust which encumbered it. The purchase price at the sale was paid by taxpayer, but title was taken in the name of his son, who agreed to hold it in trust for taxpayer. The son died holding legal title to the property, and his widow who succeeded to the title refused to recognize the trust which had been created in taxpayer's favor. Litigation was necessary to establish the trust and have the title vested in taxpayer; and in the course of that litigation he made the expenditures which are the subject of controversy here.

It is perfectly clear, we think, that the expenditures were made, not in connection with any business or for the management, conservation or maintenance of property, but for the purpose of acquiring legal title to property in which taxpayer had a right cognizable only in equity and that they must, for that reason, be treated as capital expenditures, not as business expenses deductible under 26 U.S.C. § 23(a) (1) (A) or as nontrade or nonbusiness expenses deductible under 26 U.S.C. § 23(a) (2). See note 151 A.L.R. pp. 1348–1350 and cases there cited. As was said by this court, speaking through Judge Soper, in Bowers v. Lumpkin, 4 Cir., 140 F.2d 927, 928–929:

"Under § 23(a), as it was prior to the amendment, it was firmly established that legal expenses involved in defending or protecting title to property are not 'ordinary and necessary expenses' and are not deductible from gross income in order to compute the taxable net income, but constitute a capital charge which should be added to the cost of the property and taken into account in computing the capital gain or loss in case of a subsequent sale. The Treasury regulations throughout the years have consistently so provided; the decisions of the courts have been to the same effect; and Congress has retained the same language in repeated reenactments with this interpretation in mind. Hence it may not be doubted that Congress, in amending § 23 of the Internal Revenue Code by the Revenue Act of 1942, used the phrase 'all the ordinary and neces-

sary expenses' under the caption 'Non-Trade or Non-Business Expenses' in the same sense and with the same limitations that it had previously used in connection with trade and business expenses."

 Taxpayer argues that because he was the equitable owner of the property from which he was deriving income, expenditures necessary to the protection of the source of the income are deductible. The conclusion does not follow. The expenditures had relation, not to the management, conservation or maintenance of the property, which are matters affecting income and are deductible under the statute, but to the title by which the property was held by the owner, which is as clearly a matter of capital investment as anything that could be imagined. Full ownership of the property did not exist in taxpayer so long as the legal title was outstanding. His equity under the parol trust was no greater than that of a vendee who had paid the purchase money and was in possession under a contract to convey; and it would hardly be contended that expense of a suit to compel a conveyance in such a case should not be treated as capital expenditures. Expenditures made to remove a cloud from title are so treated; and certainly a suit to declare a trust and perfect legal title is just as clearly a suit affecting title as a suit to remove a cloud therefrom. The question involved is squarely covered by Treasury Regulations 111, section 29.23(a)–15(b), which provides:

"Expenditures incurred in defending or perfecting title to property, in recovering property (other than investment property and amounts of income which, if and when recovered, must be included in income), or in developing or improving property, constitute a part of the cost of the property and are not deductible expenses. Attorneys' fees paid in a suit to quiet title to lands are not deductible; but if the suit is also to collect accrued rents thereon, that portion of such fees is deductible which is properly allocable to the services rendered in collecting such rents. * * * "

The cases relied on by the taxpayer are not in point. Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505, involved an accounting between partners of the earnings of a partnership and the question decided was whether attorney fees paid by one of the partners defending the suit were deductible as a business as distinguished from a personal expense. Hochschild v. Com'r, 2 Cir., 161 F.2d 817, related to attorneys' fees paid by director of a corporation in defense of a stockholder's derivative suit charging him with breach of fiduciary duties. Rassenfoss v. Com'r, 7 Cir., 158 F.2d 764, 767, was another case of accounting between partners, the court saying: "* * * it is perfectly plain, so we think, that the main and primary purpose of the suit which petitioner defended was for an accounting and any question of title was merely incidental thereto." In the case at bar the sole purpose of the suit in which expenditures were made was the defense and perfection of taxpayer's title to property in which, prior to the litigation, he held only an equitable interest based upon a parol trust.

For the reasons stated, the judgment appealed from will be affirmed.

Affirmed.