DANIEL S. W. KELLY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37943. Filed January 24, 1955.

---

*Harvey W. Peters, Esq.*, for the petitioner.
*Edward L. Newberger, Esq.*, for the respondent.

OPINION.

BRUCE, *Judge:* The principal question to be determined herein is whether attorneys' fees, travel, and out-of-pocket expenses, incurred in connection with a suit instituted by the petitioner to recover a one-half interest in certain real estate, legal title to which was in his sister, and to recover money advanced to his father or paid subsequent to his death on mortgage indebtedness, together with accumulated rentals and interest,[2] are deductible as ordinary and necessary expenses paid during the taxable year "for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income," within the meaning of section 23 (a) (2) of the Internal Revenue Code of 1939.[3]

Respondent contends that the entire sum of $2,231.10 was incurred in perfecting title to property or in recovering property and therefore constituted a part of the cost of the property which is not deductible under section 23 (a) (2).

Petitioner argues, first, that the total expenditures for legal fees and expenses were incurred solely for the recovery of his own funds theretofore advanced as loans together with interest, and, consequently, that he is entitled to deduct (1) that portion of his expenditures attributable to the recovery of interest as an ordinary and necessary expense paid for the collection of income, and (2) the balance as an ordinary and necessary expense for the management, conservation, or maintenance of property held for the production of income. Petitioner bases this contention on the fact that the trial court in 1947 gave him judgment only for the loan principal and interest thereon, and because none of his expenditures related to the

---

[2] See footnote 1, *supra.*

[3] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

\*　　\*　　\*　　\*　　\*　　\*　　\*

(2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

appeal to the Supreme Court of South Dakota where he was held entitled to a one-half interest in the real property.

We agree with petitioner that, insofar as it may be allocated, the portion of the expenditures attributable to the recovery of interest may be deducted as an ordinary and necessary expense. (Discussed *infra.*)

We do not agree, however, that the total expenditures were incurred solely for the recovery of these two items. The deductibility of the legal fees and expenses here involved is to be determined from the character of the suit in connection with which they were expended, the nature of the relief sought, and not merely the relief granted. Title to the rental properties was not only an issue in the suit before the Sixth Judicial Circuit Court of South Dakota in 1947, but it was the principal issue and was in fact determined, though adversely to petitioner, when the trial court decided that petitioner did not have a one-half interest in the property. It is well established that expenditures made to perfect or acquire title to property are capital expenditures which constitute a part of the cost or basis of the property. *Garrett* v. *Crenshaw*, 196 F. 2d 185; *Bowers* v. *Lumpkin*, 140 F. 2d 927; *E. W. Brown, Jr.*, 19 T. C. 87, affirmed as to this point (C. A. 5) 215 F. 2d 697; *Virginia Hansen Vincent*, 18 T. C. 339, on appeal (C. A. 9).

We do not understand petitioner to disagree with this principle, but, rather, to contend that it is not applicable under the facts and circumstances of this case. We cannot agree. The authorities relied upon by petitioner are, in our view, distinguishable. In *Allen* v. *Selig*, 200 F. 2d 487, affirming 104 F. Supp. 390, the decision was based upon the fact that the taxpayer had, and was recognized as having, a full equitable title to a half interest in the real property involved and therefore acquired nothing except the determination (in the judgment) that she was the equitable owner and a decree requiring the holder of the naked legal title to divest himself of, and invest her with, it. The circumstances in that case are clearly expressed in the language of the District Court, which the Court of Appeals for the Fifth Circuit found to be eminently correct:

> The Superior Court action instituted by the Plaintiff did involve the transfer of legal title to her. This, however, was incidental as legal title would have ultimately passed to her by inheritance. Title, even though equitable, was and had been in the Plaintiff. The real purpose of her action was to prevent the laying waste of her property by assessment of wrongful estate taxes and administration expenses against it. * * *

The Fifth Circuit found the circumstances there distinguishable from those in *Garrett* v. *Crenshaw, supra.* In the present case legal title to the real property involved was admittedly in petitioner's sister and the trial court found there was no express agreement that she held a

one-half interest therein in trust for petitioner.  The Supreme Court of South Dakota agreed with the trial court on that point but granted relief on the basis that, because of certain conduct and promises of the sister, believed and acted upon by petitioner to his detriment, the sister was estopped to deny that she held a one-half interest in the property for petitioner.  In other words, petitioner here had no title, legal or equitable, but only a right which required the judgment in the suit to convert it to title.

Petitioner relies on *Stella Elkins Tyler*, 6 T. C. 135, which we believe to be distinguishable.  It related to an action to determine the extent of the taxpayer's interest in the income of an estate.  The expenditures were not a cost of creating or acquiring property, or an interest therein, itself.  The case of *Walter S. Heller*, 2 T. C. 371, affd. 147 F. 2d 376, certiorari denied 325 U. S. 868, also cited by petitioner, is likewise distinguishable.  In that case the expenditures involved were paid to require a merging corporation, under a State statute, to pay dissenting stockholders the fair market value of their stock.  It was held that fees paid bore a reasonable and proximate relation to the production or collection of income, and to the management of property held for that purpose.  The litigation did not involve a defense by the petitioner of his rights in, and his title to, the stock.  *Bingham's Trust* v. *Commissioner*, 325 U. S. 365, is also not applicable on this point.  In that case trustees' expenses in unsuccessfully contesting income tax on appreciation in value of securities turned over to a legatee and fees for services on matters related thereto were held deductible on the ground that they were expenses of management or conservation of funds.

Petitioner further argues that he and his sister were partners or joint venturers with respect to the rental properties and that the litigation between him and his sister was an action for an accounting, legal fees and expenses for which are deductible, citing *Kornhauser* v. *United States*, 276 U. S. 145, and *Rassenfoss* v. *Commissioner*, 158 F. 2d 764.  Both cases are distinguishable.  In the *Kornhauser* case the question was whether fees paid to an attorney for defending an accounting action by a former partner were personal or business expenses, and in the *Rassenfoss* case the primary purpose of the suit was for an accounting and any question of title was merely incidental. Cf. *Addison* v. *Commissioner*, 177 F. 2d 521.

As we have hereinbefore indicated, in the present case the question of title to the rental properties was not merely incidental to the recovery of the sums loaned and the income from interest and rent; it was the principal issue in both the trial and appellate courts.  There is no evidence in the record to warrant our finding that the primary purpose of the suit was for an accounting.  Cf. *Virginia Hansen Vincent, supra.*

Accordingly, we hold the portion of the expenditures attributable to the perfection of title to the real property is not deductible under section 23 (a) (2).

We come next to the question whether any portion of the fees and expenses attributable to the recovery of the principal of the funds advanced by petitioner to pay on the mortgage indebtedness of the rental properties was deductible.

Petitioner argues that such fees and expenses are deductible as expenses paid "for the management, conservation, or maintenance of property held for the production of income." We cannot agree. On the question here presented the decision of the Court of Appeals for the Eighth Circuit in *Helvering* v. *Stormfeltz*, 142 F. 2d 982, is applicable. See also *Edmunds* v. *United States*, 71 F. Supp. 29.

Petitioner's argument that it is not practical or logical not to allow him to deduct legal fees expended for the recovery of capital is without basis in the Internal Revenue Code or any cases which have been called to our attention, and is accordingly entitled to no weight.

As we have hereinbefore indicated, that portion of the expenditures attributable to the recovery of interest on the money advanced may be deducted as an ordinary and necessary expense incurred for the collection of income. *Helvering* v. *Stormfeltz, supra; Virginia Hansen Vincent, supra.* No further discussion of this point is believed necessary.

We further hold that insofar as it may be allocated that portion of the expenditures ascribable to the recovery of rental income may be deducted as an ordinary and necessary expense incurred during the taxable year for the production of income. Regs. 111, sec. 29.23 (a)–15. Further discussion on this point is deemed appropriate in view of respondent's contention that recovery of the rental income was merely incidental to the establishment of petitioner's title in the real property from which the rental income was derived.

The fact that the recovery of the rental income depended upon petitioner's success in establishing his right to an undivided one-half interest in the property from which the rental income arose does not preclude the deductibility of such expenses. In respondent's Regulations 111, section 29.23 (a)–15, it is stated:

Expenditures incurred in defending or perfecting title to property, in recovering property (other than investment property and amounts of income which, if and when recovered, must be included in income), or in developing or improving property, constitute a part of the cost of the property and are not deductible expenses. Attorneys' fees paid in a suit to quiet title to lands are not deductible; *but if the suit is also to collect accrued rents thereon, that portion of such fees is deductible which is properly allocable to the services rendered in collecting such rents.* * * * [Emphasis supplied.]

The expenditures herein involved insofar as allocable to the recovery of the rental income clearly come within the provisions of this regulation and accordingly are deductible. Cf. *Virginia Hansen Vincent, supra; Agnes Pyne Coke,* 17 T. C. 403, affd. 201 F. 2d 742. *Safety Tube Corporation,* 8 T. C. 757, affd. 168 F. 2d 787, and *Midco Oil Corporation,* 20 T. C. 587, relied on by respondent are not applicable under the facts presented herein. In those cases the fees and expenses were incurred in defending actions attacking the taxpayers' title, in the former case to a patent, and in the latter case to stock, and claims for royalties or dividends. Regs. 103, sec. 19.24–2. In neither case was the taxpayer seeking to recover income which, if and when recovered, would have to be included in his income. The provisions of Regulations 111, section 29.23 (a)–15, *supra,* relating to real property, were not involved or discussed in either case.

Also respondent's argument that no deduction for expenditures incurred in connection with the rental income is allowable herein because "petitioner has not included any rental income in his income tax return for the years 1947–1950 inclusive" cannot be sustained. Since petitioner was on the cash method of accounting he was not required to report the rental income until it was received by him. Only the taxable year 1947 is involved herein and petitioner's income tax returns for subsequent years are not in evidence. On brief petitioner states that "rental income was included in his 1950 personal income tax return."

We come finally to the question whether any of the expenses attributable to the recovery of interest and rental income are allocable. While the petitioner has not produced evidence on which a precise allocation can be made, there is evidence in the record from which, adopting the method indicated in *Helvering* v. *Stormfeltz, supra,* p. 985, and applied in *Virginia Hansen Vincent, supra,* p. 353 (see also *William A. Falls,* 7 T. C. 66, and *Agnes Pyne Coke, supra*), and following the doctrine of *Cohan* v. *Commissioner,* 39 F. 2d 540, we think a reasonable allocation may be estimated. As set out in our Findings of Fact, in 1947 petitioner was awarded a judgment by the trial court in the action against his sister in the amount of $6,311.45, of which $3,059.77 was principal and $3,251.68 represented interest. There is no evidence, however, as to the value of the rental properties or the amount of rent accumulated as of 1947, the crucial year herein. It appears, however, that following the reversal of the trial court by the Supreme Court of South Dakota the parties entered into an agreed settlement as a result of which petitioner received certain cash and properties from his sister in 1950. Of the total cash received, not including costs of the litigation, $3,059.77 represented loan principal and

$4,514.34 represented interest; $2,993.91 ($1,681.48 plus $1,312.43) represented rental income. The fair market value of the interest in the real estate conveyed to petitioner was $15,000. Assuming the proportions in 1947 were substantially the same as in 1950, we conclude that $600 represents a reasonable allocation of the total legal fees and expenses incurred by petitioner in connection with the recovery of interest and rental income for which petitioner is entitled to a deduction under section 23 (a) (2) of the Internal Revenue Code of 1939.

The second issue herein relates to the deductibility of $9.60 paid by the petitioner during the taxable year as rental of a safety-deposit box. The record contains uncontradicted evidence that petitioner's safety-deposit box contained United States Government Series E Bonds in 1947. As such, his expenditure of $9.60 is deductible under section 23 (a) (2). *W. N. Fry*, 5 T. C. 1058. Respondent's contention that since petitioner reported no income on his 1947 return except for salary the deduction should not be allowed is without merit. Petitioner was not required to report the increase in redemption price of the Series E Bonds until the bonds were either cashed or redeemed. Sec. 42 (b), I. R. C., 1939.

*Decision will be entered under Rule 50.*