ADELAIDE D. J. BURGWIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 66160. Filed February 11, 1959.

*Carl E. Glock, Jr., Esq.*, for the petitioner.
*Donald W. Howser, Esq.*, for the respondent.

### OPINION.

WITHEY, *Judge:* Respondent determined a deficiency in petitioner's income tax for 1954 in the amount of $2,698.82, of which $2,607.82 is here in dispute.

The sole issue presented for decision is the correctness of the respondent's action in disallowing a deduction claimed by the petitioner in her income tax return for 1954 in the amount of $2,865.74, representing legal expenses paid in an unsuccessful suit by her as the life beneficiary of a trust.

The facts have been stipulated and are so found as follows:

Petitioner Adelaide D. J. Burgwin is a resident of Sewickley Heights, Sewickley, Pennsylvania. She filed her income tax return for 1954 with the district director of internal revenue at Pittsburgh, Pennsylvania. The return was prepared on a cash basis.

Petitioner at all times here material was the life tenant under a trust created by the will of her father and, as such, was entitled to receive the entire net income therefrom. The trust was the owner of 110 shares of the capital stock of the Union Trust Company of Pittsburgh, a corporation organized under the laws of the Commonwealth of Pennsylvania. On September 26, 1946, the Union Trust Company of Pittsburgh was merged into and consolidated with Mellon National Bank under the name of Mellon National Bank and Trust Company and, as a result, the trust received 880 shares of the capital stock of Mellon National Bank and Trust Company in exchange for its 110 shares of the stock of the Union Trust Company of Pittsburgh.

It is stipulated that the exchange of stock of the Union Trust Company of Pittsburgh for the stock of the Mellon National Bank and Trust Company constituted an exchange of stock for stock on reorganization within the meaning of section 112(b)(3) of the Internal Revenue Code of 1939 and, therefore, no gain or loss was recognized by the trust on the exchange.

On or about September 5, 1952, the trustees filed their Third and Partial Account in the Orphans' Court of Allegheny County, Pennsylvania. The account reflected the retention of the 880 shares of the capital stock of the Mellon National Bank and Trust Company as part of the principal of the trust. On October 22, 1952, the petitioner filed exceptions to the Third and Partial Account of the trustees and claimed that 509 shares of the stock of Mellon National Bank and Trust Company should be awarded and distributed to her as life tenant because they represented income under the so-called Pennsylvania Rule of Apportionment between the life tenant and the remaindermen. On August 5, 1953, her exceptions were dismissed by the Orphans' Court of Allegheny County and an appropriate decree was entered. She filed exceptions to the decree which were dismissed by the Orphans' Court on January 29, 1954. Upon appeal by petitioner to the Supreme Court of Pennsylvania, the dismissal of her exceptions was affirmed on May 24, 1954. In these proceedings she was opposed by the remaindermen of the trust.

The petitioner incurred legal expenses in the total amount of $2,865.74 in connection with the prosecution of the claim set forth in the exceptions filed with the Orphans' Court of Allegheny County and her appeal therefrom.

These expenses consisted of attorneys' fees in the amount of $2,250 and court costs, printing bills, and miscellaneous expenses in the amount of $615.71. The attorneys' services were charged on a time basis and were rendered 88 per cent prior to 1954 and 12 per cent during 1954. The additional expenses incurred by the attorneys in connection with the litigation amounted to $47.33 prior to 1954 and $568.41 during 1954. The petitioner paid all of the expenses during 1954.

Petitioner did not receive any of the stock claimed by her and did not at any time report it as income in her Federal income tax returns.

The quoted market price of the stock claimed by petitioner was at all times here material in excess of $80,000.

In computing her net income for 1954, petitioner deducted the legal expenses in the amount of $2,865.74 paid by her in that year. The respondent in his statutory notice of deficiency disallowed the deduction so claimed.

The petitioner has taken the position that the deduction claimed by her on her return for 1954 is allowable either as an ordinary and necessary expense paid for the production or collection of income under section 212(1) of the Internal Revenue Code of 1954 or, in the alternative, as an ordinary and necessary expense paid for the management, conservation, or maintenance of property held for the production of income under section 212(2) of the 1954 Code.[1] According to the respondent's regulations, a deduction for expenses paid for the production or collection of income under section 212(1) of the 1954 Code is limited to expenses paid for the collection of income which, if and when realized, would be includible in income under the provisions of the Code.[2] Such income need not be taxable in the same year as that for which the deduction is claimed. *Stella Elkins Tyler*, 6 T.C. 135; sec. 1.212–1 (a) (2) and (b), Income Tax Regs.

The respondent disallowed the deduction in question on the ground that the distribution sought by petitioner in the Pennsylvania courts, if and when realized, would not be includible in her income for Federal income tax purposes.

The petitioner does not question the validity of the respondent's regulations but contends that if she had been successful in her litigation in the Orphans' Court of Allegheny County, she would have realized taxable income in 1952 or 1953, because if she had received the stock in one of those years, it would have represented income taxable to her under section 162 of the 1939 Code.

It obviously was petitioner's purpose in commencing litigation in the Pennsylvania courts to acquire the ownership of the 509 shares of Mellon National Bank and Trust Company stock. We are in agreement with her that, in the event she had won her suit in the Orphans' Court of Allegheny County in 1952 or 1953 and had received the distribution of stock sought by her, or if the stock had become currently distributable to her under section 162(b) of the 1939 Code by virtue of a favorable court decree, by the weight of judicial authority it would have constituted taxable income under the provisions of the 1939 Code, notwithstanding its tax-free character in the hands of the trustees.

---

[1] SEC. 212. EXPENSES FOR PRODUCTION OF INCOME.

In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—

  (1) for the production or collection of income;

  (2) for the management, conservation, or maintenance of property held for the production of income; * * *

[2] Income Tax Regulations:

Sec. 1.212–1. NONTRADE OR NONBUSINESS EXPENSES.—(a) An expense may be deducted under section 212 only if—

  (1) It has been paid or incurred by the taxpayer during the taxable year (i) for the production or collection of income which, if and when realized, will be required to be included in income for Federal income tax purposes, or (ii) for the management, conservation, or maintenance of property held for the production of such income, or (iii) in connection with the determination, collection, or refund of any tax; * * *

*Estate of Mary B. Warburton*, 30 T.C. 34; *Johnston v. Helvering*, 141 F. 2d 208, affirming 1 T.C. 228; *Plunkett v. Commissioner*, 118 F. 2d 644, affirming 41 B.T.A. 700.

Petitioner concedes on brief that because of the nontaxable character of the stock in the hands of the trustees under the so-called conduit principle expressed in section 652(b) of the 1954 Code,[3] the 509 shares of Mellon National Bank and Trust Company stock, if received or required to be distributed currently during 1954, would not have been taxable to her for that year.

Consequently, if she had won her suit in 1952 or 1953, the litigation expenses paid by her would have been deductible. If, however, she had successfully concluded her litigation in 1954 or a subsequent year, the legal expenses would not have been deductible, for under the 1954 Code their expenditure would then have been for the purpose of acquiring a distribution of trust property nontaxable in the hands of the trust and therefore not includible in petitioner's gross income.

The litigation here involved occurred over a period of approximately 1½ years, covering the latter part of 1952, 1953, and a portion of 1954. From the standpoint of the time the suit was commenced by petitioner in October 1952, it was brought for the purpose of producing income which, if received, would have been taxable to her. However, it was continued in the Pennsylvania Supreme Court during part of 1954, and was carried on during that year for the purpose of producing income which upon receipt would not have been taxable to her. Therefore, the legal expenses which were paid in 1954 were paid both for the production of taxable income and for the production of nontaxable income.

As heretofore indicated, to the extent that the expenditure was made for the purpose of producing or collecting income which, if received, would be taxable, it is a deductible expense. To the extent it was made for a purpose other than the production of taxable income, it is a nondeductible expense. Sec. 1.212–1, Income Tax Regs.

In cases involving expenses for litigation which result in the recovery both of taxable income and nontaxable income, an allocable portion of the legal expense which represents the same proportion of the total expense as the taxable item bears to the total recovery is

---

[3] SEC. 652. INCLUSION OF AMOUNTS IN GROSS INCOME OF BENEFICIARIES OF TRUSTS DISTRIBUTING CURRENT INCOME ONLY.

(b) CHARACTER OF AMOUNTS.—The amounts specified in subsection (a) shall have the same character in the hands of the beneficiary as in the hands of the trust. For this purpose, the amounts shall be treated as consisting of the same proportion of each class of items entering into the computation of distributable net income of the trust as the total of each class bears to the total distributable net income of the trust, unless the terms of the trust specifically allocate different classes of income to different beneficiaries. In the application of the preceding sentence, the items of deduction entering into the computation of distributable net income shall be allocated among the items of distributable net income in accordance with regulations prescribed by the Secretary or his delegate.

deductible. *Helvering* v. *Stormfeltz*, 142 F. 2d 982; *Agnes Pyne Coke*, 17 T.C. 403, affd. 201 F. 2d 742; *William A. Falls*, 7 T.C. 66; *James L. C. McFaddin*, 2 T.C. 395. However, where the litigation is unsuccessful there normally exists no satisfactory basis for allocating a part of the legal expense to the item which would be taxable since the amount of the total recovery is conjectural. But in the instant case the parties have stipulated that the services of the attorneys who represented petitioner in the Pennsylvania courts were charged on a time basis and were rendered 88 per cent prior to 1954 and 12 per cent during 1954. The additional expenses involved, including court costs, printing bills, and miscellaneous expenses, totaled $615.71 and were undertaken in the amount of $47.33 prior to 1954 and $568.41 during 1954. All of these expenses were paid by petitioner during 1954.

Accordingly, on the basis of the record before us, we are of the opinion that 88 per cent of the attorneys' fees and $47.33 of the additional expenditures which were made for the purpose of producing or collecting income, which if received prior to 1954 would have represented taxable income, are deductible under section 212(1) of the 1954 Code.

With respect to the petitioner's alternative contention that the deduction in issue is allowable under section 212(2) of the 1954 Code as an expense paid for the management, conservation, or maintenance of property held for the production of income, we are unable to find from the record herein that the expenditures in question were conservatory in nature. The purpose of the litigation expenses was not to manage, conserve, or maintain income-producing property which the petitioner already owned, but was for the purpose of acquiring the outstanding remainder interest in part of the stock held by the trustees as trust corpus. The petitioner's equitable or life interest in the stock of Mellon National Bank and Trust Company was not in dispute. She unquestionably was entitled to the income arising therefrom as life beneficiary of the trust. By the litigation undertaken, the petitioner simply claimed a right in addition to that which she already held and, accordingly, the sole purpose in instituting the court proceedings in the Orphans' Court of Allegheny County, Pennsylvania, was to acquire an additional interest in the 509 shares of stock. The legal expenses claimed by petitioner are not properly deductible under section 212(2) of the 1954 Code as expenses paid for the management, conservation, or maintenance of property which she already owned. *Marion A. Burt Beck*, 15 T.C. 642, affd. 194 F. 2d 537; sec. 1.212–1(k), Income Tax Regs.

We therefore hold that 88 per cent of the attorneys' fees and $47.33 of the additional expenses are deductible as litigation expenses paid during 1954, pursuant to section 212(1) of the 1954 Code.

*Decision will be entered under Rule 50.*