## EARLE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 372.

Circuit Court of Appeals, Second Circuit.
July 9, 1934.

Barry, Wainwright, Thacher & Symmers, of New York City (Dallas S. Townsend and Robert B. Tyler, both of New York City, of counsel), for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Arnold Raum, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The petitioner was assessed a deficiency tax on his income for the year 1927. His son, who had access to a safe deposit box jointly used by them, took his father's securities, val-

ued at $100,000, without his consent, to his broker, who used them as collateral security to protect the son's trading account in stocks and bonds. Some of the securities taken belonged to the petitioner personally; others to him as trustee. The son informed his father of the abstraction when called upon for further collateral. Petitioner was obliged to pay $38,840.50 to obtain a return of the securities, and claims this to be a loss deductible from his income tax under section 214(a)(6) of the Revenue Act of 1926 (44 Stat. 27), 26 USCA § 955(a)(6), which permits deducting the "Losses sustained * * * of property not connected with the trade or business * * * if arising from * * * theft, and if not compensated for by insurance or otherwise. * * * "

Abstracting and using the securities, as the petitioner's son did was a theft within section 1290 of the New York Penal Law (Consol. Laws, c. 40). Under section 1307 of the New York Penal Law, the fact that the son might have intended to restore the property stolen or embezzled is no defense and does not act in mitigation if the property has not been restored before complaint thereof has been made.

There was no insurance or compensation received by the father for this loss. The petitioner sustained a loss as to his own securities and as to those held in trust. As to the latter, while placing the securities in a safety deposit box, to which the son had access, might have been negligence, still this would not change the fact that he sustained his loss by theft, and he has made out a prima facie case of a loss resulting therefrom. John H. Farish & Co. v. Comm'r, 31 F.(2d) 79 (C. C. A. 8). The fact that the broker accepted these securities as collateral establishes their negotiability. Losses arising from embezzlement have been held to be deductible. John H. Farish & Co. v. Comm'r, supra; First Nat. Bank of Sharon v. Heiner, 66 F.(2d) 925 (C. C. A. 3).

It is argued that the son has not been shown not to have been financially able to reimburse his father. The statute does not require such evidence before such loss is made deductible.

It was error to refuse to deduct this loss in the calculation of petitioner's income tax for the year 1927.

Order reversed.