## STODDARD v. COMMISSIONER OF INTERNAL REVENUE.

### KIRKLAND v. SAME.

### HORN v. SAME.

### Nos. 71–73.

Circuit Court of Appeals, Second Circuit.
Dec. 3, 1945.

Barnet D. Golden, of New York City (Geo. E. H. Goodner and Scott P. Crampton, both of Washington, D. C., of counsel), for petitioners.

Samuel O. Clark, Jr., of Washington, D. C. (Sewall Key, J. Louis Monarch, and Carlton Fox, all of Washington, D. C., of counsel), for respondent.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. When these cases were previously here, we remanded to the Tax Court solely for a determination of the value of the new second mortgage bonds at the time of their receipt by taxpayers. Stoddard v. Commissioner, 141 F.2d 76. On the remand, the parties stipulated that the Tax Court should reach its decision on the evidence submitted to it at the first hearing. The Tax Court, acting accordingly, found the bonds worthless in 1936 when received by the taxpayers in exchange for their interests in the old second mortgage note, and, in accordance with our opinion, held the loss limited by § 117(d) of the Revenue Acts of 1936, 26 U.S.C.A. Int.Rev.Acts, page 875.

From its decisions taxpayers appeal. They contend that, as the new bonds were worthless when exchanged, the exchange was fictitious, and that, therefore, in legal effect, the situation was as if they had retained their interests in the old note when they charged them off. In our earlier decision we had expressly rejected this contention. But taxpayers assert that, since we then assumed that the new bonds might have had some value when received, we did not then consider the situation as it is now presented to us. We cannot agree. In our previous decision we said [141 F.2d 78]: "Even if we assume arguendo that the facts would have justified a charge-off of the interest in the old second mortgage note in 1936 before the plan for reorganization was carried out, it was too late to charge it off after the owner had finally disposed of that interest by exchanging it for the second mortgage bonds of the new corporation." And we so stated although we also said that the fact that the new bonds were put on the books with a cost basis of zero showed that "the taxpayers * * * thought them valueless when received." We see no new significant factor not before us then. And we think that our earlier decision was correct.

The fact that taxpayers exchanged the old security for a new one is a fact that cannot be ignored. When they attempted the charge-off of their old interests, they no longer owned them. It will not do to allow a taxpayer to make an exchange and later to assert that it was fictitious—so that the situation is as if he still retained what he surrendered in the exchange—merely because what he took in the exchange was worthless at the time. Taxpayers here may have had some hope at that time of a future increase in the value of the new bonds; the burden of proof was on them to show that they were engaged in a fictitious exchange, and they have not borne that burden.

In our earlier opinion, we made some reference to § 117(f). Both the taxpayers and the Commissioner suggest that that subsection is inapplicable because, inter alia, it deals only with retirement of designated corporate securities for "amounts received," and here the debtor corporation gave nothing to the taxpayers. But the inapplicability of section 117(f) does not alter the applicability of § 117(d) which was the foundation of our previous decision.

2. On the former appeal, we held that one of the taxpayers, Louis E. Stoddard, Jr., was not entitled to a deduction on account of fees paid by him to accountants in connection with a contest relating to the correct amount of his income taxes in previous years. In the light of the subsequent decision in Bingham's Trust v. Commissioner, 325 U.S. 365, 65 S.Ct. 1232, we were wrong.

We therefore reverse and remand solely for determination of the necessary computation necessitated by such deduction. In all other respects, we affirm.