### UNITED STATES v. LYKES.
#### No. 13156.

United States Court of Appeals
Fifth Circuit.
April 27, 1951.

Francis W. Sams, Ellis N. Slack, Sp. Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Herbert S. Phillips, U. S. Atty., Tampa, Fla., for appellant.

George W. Ericksen, Chester H. Ferguson, Tampa, Fla., for appellee.

Before HOLMES, McCORD and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This is a suit to recover an alleged overpayment of income tax for the year 1944. The controlling question is whether, in computing the plaintiff-taxpayer's income tax for 1944, he is entitled under 26 U.S.C.A. § 23(a) (2) to deduct from gross income the amount he paid in that year as attorney's fees in contesting with the Commissioner of Internal Revenue the amount of plaintiff's gift tax liability for 1940. Judgment below was for the taxpayer.

In 1940, plaintiff Joseph T. Lykes was the principal stockholder in Lykes Brothers, Inc., a closely held family corporation organized in 1910 by his elder brothers, engaged in the cattle and meat packing business. Through a subsidiary it also operates extensive steamship lines. In 1940, plaintiff made gifts aggregating 1000 shares of stock in said corporation to his wife, two daughters and a son, giving to each 250 shares. The gifts represented about one-third of plaintiff's holdings in the company. He retained the remaining two-thirds. The son and one daughter were minors. The other daughter had reached her majority. The three children were unmarried and lived with plaintiff. Previous to the gifts, they had taken no active interest in the management of the corporation's affairs. Whether they did so thereafter, does not appear.

As the stock was closely held by the Lykes' family, it had no established market value. In his gift tax return plaintiff valued it at $120 per share, which he considered a fair value, and paid thereon a gift tax of $13,032.75. The Commissioner disagreed, and on March 3, 1944 entered a deficiency assessment of $145,276.50, based upon the Commissioner's valuation. Plaintiff testified that had he been required to pay the deficiency, it would have been necessary for him to raise the money by disposing of a large part of his remaining holdings in the company, property which he held for the production of income.

Plaintiff engaged the services of an attorney who contested the deficiency assessment in the Tax Court of the United States, with the result that the assessment was settled before trial for $15,612.75, about eleven per cent of the sum originally demanded. In 1944, plaintiff paid his attorney $7,263.83 for these services, but did not deduct this sum from gross income in reporting his income tax liability for that year. He later submitted a claim for refund, based upon a re-computation with the attorney's fees deducted, which claim was denied. If the fee is deductible, plaintiff's income tax for 1944 has been over paid by $5,665.78, which he would be entitled to recover.

At the trial, plaintiff testified that his motive for the gifts was not only "love,"

966

as stated in the gift tax return, but an additional motive was to fortify the value of his retained stock by giving the younger generation an interest in the corporation, thus ensuring continuity in family ownership and management of the corporation, a practice followed by his elder brothers who organized the corporation.

Plaintiff contends that the attorney's fee is deductible from gross income, first, because the gifts were not a mere distribution of property in the ordinary sense but involved calculated business considerations, one of the purposes of the gifts being the strengthening and enhancement of the stock retained by plaintiff, so that the attorney's fee paid for contesting the deficiency assessment was an ordinary and necessary expense incurred in the "conservation" of his income producing property. Second, that the controversy between the Commissioner and plaintiff arose out of an effort by the United States to collect a deficiency assessment which was so disproportionate as to have no reasonable relation to the gifts, but was essentially a hazard to plaintiff's remaining stock in the corporation, a substantial part of which he would have had to dispose of in order to raise the money to pay the assessment.

Plaintiff relies upon section 23(a) (2) of the Internal Revenue Code, 26 U.S.C.A. § 23(a) (2), which provides that in computing net income for income tax purposes, there may be deducted from the gross income of an individual "all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income." If plaintiff is entitled to deduct these fees from his gross income, he must establish that right under the statutory provisions just quoted, as there is no specific statutory provision on the subject.

The subject is dealt with, however, in Treasury Regulation 111, section 29.23 (a)–15(b), as amended,[1] which has the force and effect of law unless in conflict with the statute itself,[2] and which holds that the deduction here sought is unauthorized. The trial court held that insofar as this regulation purports to deny the deduction here in question it is in conflict with the statute, and hence invalid.

As section 23(a) (2), supra, deals with exemptions, it is to be strictly construed. New Colonial Ice Company v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348, 1352.

The questions here involved were recently considered in Cobb v. Commissioner, 6 Cir., 173 F.2d 711, and determined adversely to plaintiff's contentions here. There is no tenable distinction in principle between this and the Cobb case, with which we are in accord. The Cobb case also clearly distinguishes the Bingham case, Bingham's Trust v. C. I. R., 325 U.S. 365, 65 S.Ct. 1232, 89 L.Ed. 1670, here relied upon by plaintiff which involved the

1. "Expenses paid or incurred by an individual in the determination of liability for taxes upon his income are deductible. If the property is held by an individual for the production of income, amounts expended in determining a property tax imposed with respect to such property during the period when so held are deductible. Expenses paid or incurred by an individual in determining or contesting any liability asserted against him do not become deductible, however, by reason of the fact that property held by him for the production of income may be required to be used or sold for the purpose of satisfying such liability. *Thus, expenses paid or incurred by an individual in the determination of gift tax liability, except to the extent that such expenses are allocable to interest on a refund of gift taxes, are not deductible, even though property held by him for the production of income must be sold to satisfy an assessment for such tax liability or even though, in event of a claim for refund, the amount received will be held by him for the production of income."* As amended by Treasury Decision No. 5513. (Italics supplied).

2. Maryland Casualty Co. v. U. S., 251 U. S. 342, 349, 40 S.Ct. 155, 64 L.Ed. 297, 302; Detroit & Windsor Ferry Co. v. Woodworth, 6 Cir., 115 F.2d 795, 797, certiorari denied 312 U.S. 692, 61 S.Ct. 712, 85 L.Ed. 1128; Houston Textile Co. v. Commissioner, 5 Cir., 173 F.2d 464; Brewster v. Gage, 280 U.S. 327, 50 S.Ct. 115, 74 L.Ed. 457.

deductibility of legal fees and expenses paid by the trustee of the Bingham trust estate in contesting a deficiency assessment of *income* tax which was a direct lien against the corpus of the trust, and for legal advice relating to tax and other problems arising in the management and distribution of the trust estate, functions which the trustees were under a duty to perform, and which bore directly upon the trust property held for income purposes. Here, the expense was the result of gratuitous personal gifts which the donor was under no duty to make, the effect of which upon his income producing property was at best indirect, remote and hypothetical.

■ Not all expenses are deductible under section 23(a) (2), supra, but only those which are "ordinary and necessary" and which bear a reasonable and proximate relation to the production of income or to the management, conservation or maintenance of property held for the production of income.[3]

■ As held in the Cobb case, supra, the true criterion is that to become deductible under section 23(a) (2), the expense must be in proximate relation to the production or collection of income, or to the management, conservation or maintenance of property held for the production of income. Kornhauser v. U. S., 276 U.S. 145, 48 S. Ct. 219, 72 L.Ed. 505. Even if the attorney's services in contesting and procuring a settlement of liability for the gift tax deficiency here in question conferred an indirect benefit upon the taxpayer by avoiding a possible sacrifice of income producing property in order to satisfy the lien, such expense is not one directly incurred in managing or conserving such property, nor is it a proximate result of holding property for the production of income, any more than fees or expenses incurred in any other type of personal, as distinguished from business, litigation (e.

g. an ordinary tort action) which might result in a lien upon the taxpayer's income producing property. Expenses of this type do not satisfy the requirements of section 23(a) (2) because they are only indirectly, not proximately, related to the management and conservation of the taxpayer's income producing property.

■ Treasury Regulation 111, section 29.23 (a)–15(b), as amended, is not in conflict with section 23(a) (2) of the Internal Revenue Code, but is a reasonable and consistent interpretation thereof in the respect here under consideration. It is therefore valid and controlling. It denies the deduction here claimed by the plaintiff.

■ In view of the great disparity in this deficiency assessment, as indicated by the comparatively modest sum accepted in settlement, it is not difficult to understand the trial court's view that to deny this deduction "just isn't justice under the law." But the principles of broad substantial justice and statutory tax law do not always coincide. Nor do exemptions for income tax purposes turn upon general equitable considerations. DuPont v. Deputy, 308 U.S. 488, 493, 60 S.Ct 363, 84 L. Ed. 416, 421.

■ Appellee's motion to dismiss the appeal, because filed one day late, is denied. On November 14, 1949, the District Judge made an order directing the Clerk to enter judgment in accordance with his memorandum decision of June 3, 1949. That order, together with the judgment, were filed in the Clerk's office on November 15, 1949. The judgment speaks as of the date of filing with the Clerk. Notice of entry of appeal was filed January 14, 1950, which was "within 60 days" from the entry of judgment. 28 U.S.C.A. § 2107.

For the reasons stated, the judgment appealed from is

Reversed.

3. Cf. as to allowable deductions. Kornhauser v. U. S., 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505; Commissioner v. Heininger, 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171.