VIRGINIA HANSEN VINCENT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29741. Promulgated May 21, 1952.

*Valentine Brookes, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

340

346

OPINION.

HARRON, *Judge:* The petitioner claims that all of the expenses and costs of the litigation against Bear Film and others are deductible under section 23 (a) (2) of the Code as nonbusiness expenses. In the alternative, the petitioner claims deduction under section 23 (e) (3) on the theory that the expenses constitute a loss from theft or embezzlement.

The respondent contends that the primary purpose of the litigation was to establish that the equitable title to the Bear Film stock was owned by Oscar Hansen rather than by his mother and, later, by Albert Hansen; that the stock was impressed with a trust for the petitioner's benefit upon the death of her father; and that the petitioner was entitled to have title and delivery of the stock transferred to her. He contends that part of the litigation expense represents capital expense which must be added to the basis of the stock and, therefore, that part of the expense is not deductible under section 23 (a) (2). He denies that any part or all of the expense is deductible under section 23 (e) (3). Since the respondent admits that part of the expense is deductible under section 23 (a) (2), there is before us for decision a question involving allocation of the expense between deductible nonbusiness expense and capital expense.

The petitioner did not include in her income for 1946 the sum of $61,000 which Bear Film Co. paid her pursuant to the decree of the Superior Court which became final in 1946. The respondent has determined that the $61,000 represents dividends on the Bear stock and is, accordingly, taxable income under section 22 (a). The question to be decided under this issue is whether the $61,000 represents taxable income.

*Issue 1.* In determining whether the disputed litigation expenses and costs are deductible as nonbusiness expense under section 23 (a) (2), or must be capitalized and added to the basis of the Bear Film stock, the Court must find whether the major objective and purpose of the litigation was to perfect, settle, and acquire title to property— all of the Bear Film Co., stock—or was "for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income." Sec. 23 (a) (2). Upon all of the evidence, we have found that the major objective and primary purpose of the petitioner's suit was to dispute the claimed title of others to the stock; to establish that Oscar Hansen owned the beneficial interest in the stock; to establish that the petitioner, as the sole heir of Oscar Hansen, was the owner of the legal and equitable title to the stock; and to obtain transfer of the title and delivery of the stock to the petitioner. It follows from that finding that the portion of the expenses in question which are not allocable to the

collection of income (income having been recovered, also) is not deductible under section 23 (a) (2), but must be capitalized.

In this proceeding, the facts are not in dispute, and we do not understand that the petitioner does not recognize that the primary purpose of her suit was to have a judicial determination made that Oscar Hansen rather than his mother, Josephine, was the equitable and beneficial owner of the stock, and that those who held the stock under claim of having acquired complete title thereto from Josephine had no title at all, and that, also, her purpose was to obtain the title to and the possession of the stock. The contention of the petitioner under this issue is, rather, that as a matter of construction of section 23 (a) (2), the expense in question, comes within the scope of the statutory provision. That such is the petitioner's chief contention is made evident by her argument that the rationale of *Bingham's Trust* v. *Commissioner*, 325 U. S. 365, gives sanction to her claim; that *Kornhauser* v. *United States*, 276 U. S. 145, and *Commissioner* v. *Heininger*, 320 U. S. 467, are authority for allowing the deduction under section 23 (a) (2); that *Bowers* v. *Lumpkin*, 140 F. 2d 927, certiorari denied 322 U. S. 755; should not be followed; and that the holding in *Helvering* v. *Stormfeltz*, 142 F. 2d 982 is wrong.

We must reject the petitioner's contention. Since it is based largely upon her construction of the rationale of *Bingham's Trust* v. *Commissioner*, *supra*, and since the Supreme Court has itself made clear the factors which distinguish *Bingham's Trust* in *Lykes* v. *United States*, 343 U. S. 118, affirming 188 F. 2d 964, we need not discuss *in extenso* the reasons why the petitioner's argument is in error, other than to point out the fact that the petitioner, prior to her suit, did not hold the title or the possession of the Bear Film Co. stock. Her suit was not primarily for an accounting in which any question of title was merely incidental thereto. Cf. *Rassenfoss* v. *Commissioner*, 158 F. 2d 764; *Hochschild* v. *Commissioner*, 161 F. 2d 817; *Kornhauser* v. *United States*, *supra*. The case of *Bingham's Trust* is distinguishable on its facts, as are the *Kornhauser* and *Heininger* cases.

It is a well established rule that expenses of acquiring or recovering title to property, or of perfecting title, are capital expenses which constitute a part of the cost or basis of the property. Regulations 111, sections 29.23 (a)–15 and 29.24–2; *Murphy Oil Co.* v. *Burnet*, 55 F. 2d 17; *Jones' Estate* v. *Commissioner*, 127 F. 2d 231; *Safety Tube Corp.* v. *Commissioner*, 168 F. 2d 787; *E. B. Elliott Co.*, 45 B. T. A. 82, 87. And that rule has not been altered by the enactment of section 23 (a) (2) of the Code (section 121 of the Revenue Act of 1942). See: *Bowers* v. *Lumpkin*, *supra*; *Helvering* v. *Stormfeltz*, *supra*; *Garrett* v. *Grenshaw* (C. A. 4), 196 F. 2d 185; *James*

*C. Coughlin*, 3 T. C. 420; *James M. Straub*, 13 T. C. 288; *Agnes Pyne Coke*, 17 T. C. 403; *Cobb* v. *Commissioner*, 173 F. 2d 711, which is cited by the Supreme Court with approval in the *Lykes* case. The holding in *Bingham's Trust* did not effect any curtailment of that rule in the application of section 23 (a) (2). The costs of perfecting title to property were not deductible before the enactment of section 23 (a) (2), and it was not the intendment of that section to enlarge the class of expenses deductible under section 23 (a). Rather, the category of incomes from which expenses could be deducted was enlarged. *McDonald* v. *Commissioner*, 323 U. S. 57.

The issues presented in the suit of the petitioner are set forth in *Hansen* v. *Bear Film Co.*, 168 P. 2d 946, to which we refer. There can be no doubt whatever that the primary purpose of petitioner's suit was to establish, first, that Oscar Hansen was the equitable and beneficial owner of all of the Bear stock during his lifetime, that upon his death there was a resulting trust for the benefit of his estate; and that the petitioner as Oscar's sole heir succeeded to the equitable and beneficial ownership of the stock. It is true, of course, that the stock was property which is productive of income, and that income, also, was awarded to the petitioner by the California court's decree, but the recovery of the income which had accrued to the stock since Oscar Hansen's death was merely incidental to the chief purpose of the litigation which was to obtain determination of the question of disputed ownership of the title to the stock, just the reverse of the situation in the *Rassenfoss* case. Cf. *Safety Tube Corp.* v. *Commissioner, supra.* The "matter of title was directly involved and not merely incidental." Also, the facts here are distinguishable from those in *Hochschild* v. *Commissioner, supra,* where it was noted that "the title as such was not perfected in any way by his expenditures for legal assistance."

Section 23 (a) (2) provides for two classes of deductions, namely, expenses "for the production or collection of income," and expenses "for the management, conservation, or maintenance of property held for the production of income." Our holding under this issue that the petitioner cannot obtain deduction of capital charges under the aegis of section 23 (a) (2) does not disregard the first provision, relating to the collection of income. The respondent's determination involves recognition that the claims of the petitioner included claims which could be satisfied only by a money judgment as, for example, the earnings of the stock while it was held by the defendants, as well as interest, and he has allowed deduction of part of the expenses, namely, $30,662.11. The expenditures which are "at least comparable to those required for the collection of income" are deductible under section 23 (a) (2). *Harold K. Hochschild*, 7 T. C. 81, 88, reversed on other grounds, *Hochschild* v. *Commissioner, supra.* The petitioner is en-

titled to a deduction of that portion of the expense properly allocable to the recovery of interest and other items of income, but she is not entitled to a deduction for that portion properly allocable to the recovery of capital. *Helvering* v. *Stormfeltz, supra*, p. 985; *Agnes Pyne Coke, supra*, p. 409, and authorities there cited.

How the allocation of the total expense properly is to be made is dependent upon determination of the respective amounts of the total recovery under the litigation, of the total amount of the income items. recovered, and of the total amount of the litigation expenses and costs. Before we. can consider the question of the proper allocation, it is necessary to consider other issues.

*Issue 2.* The next question is whether $61,000 paid to the petitioner in 1946 under the judgment of the Superior Court is taxable income. The court decreed and ordered that the petitioner was entitled to recover from Bear Film Co., $61,000 "representing dividends declared and paid on the foregoing stock subsequent to April 26, 1929, together with interest thereon in the sum of $17,676.09" (par. 6 of the court's decree). The petitioner included in income for 1946 interest which was paid under the court's decree but did not report the receipt of $61,000 as income. The respondent has determined that it represents income. The petitioner denies this, contending that the sum in question represents damages and that it is, therefore, not taxable as income under section 22 (b) (5).

The evidence does not support petitioner's argument that $61,000 represents an award of damages. The decree of the court specifically describes the $61,000 as representing dividends declared and paid after April 26, 1929, and the evidence shows that Bear Film Co. declared and paid dividends on the stock involved in petitioner's suit, aggregating $61,000. The Superior Court found that of $95,000 declared as dividends, only $61,000, and no more, had been paid to stockholders of record (p. 86, Ex. A–1). The court in ordering payment of $61,000 to the petitioner, was restoring to her, as the rightful beneficial owner of the stock, the dividends which had been earned by the stock, which erroneously had been paid to the record owner of the stock, *i. e.*, to Albert Hansen during his lifetime, and thereafter to his estate.

The Superior Court ordered Bear Film Co. not to attempt to recover any sum which had been paid to Albert Hansen or his estate as dividends (par. 7 of the court's decree). This order of the court was based upon its finding, par. XXXIV of its findings and conclusions of law entered on June 22, 1943 (page 87 of Ex. A–1), that, "The reasonable value of his [Albert A. Hansen] services to the corporation for said period was not less than the sum of said amount [$81,210.09, compensation for services] and the amount of dividends paid out to him and his estate [$61,000]." That is to say, the Superior Court devised a

way of obviating a suit by Bear Film Co. against the estate of Albert Hansen to recover dividends improperly paid (sec. 1510, California Corporation Code) by finding that he had rendered services having a value of $61,000 in excess of what Bear Film Co. had paid to him as salary or compensation for services ($81,210.09), so that what had been paid by Bear Film Co. to Albert Hansen or his estate as dividends was to be deemed to have been additional payment of compensation for his services, and Bear Film Co. was ordered to pay $61,000 to the petitioner as dividends. These orders of the court also eliminated the formal steps of a payment of additional compensation by Bear to the Albert Hansen estate, the return of erroneously paid dividends by the estate to Bear, and the payment of the dividends by Bear to the petitioner, all obligations involving the same amount, $61,000. We understand the decree and orders of the Superior Court to mean that Albert's estate was obligated in 1946 to make restitution to Virginia of $61,000 dividends improperly received by the estate or by Albert; that in 1946 Bear became obligated to pay additional compensation for Albert's services in the amount of $61,000; and that a compound novation was effected by the decree of the court whereby Bear discharged the obligation of Albert's estate to make restitution of $61,000 accumulated dividends to Virginia, thereby satisfying its obligation to pay the estate for Albert's compensation, $61,000.

The sum of $61,000, received by petitioner in 1946, was accumulated dividends owing to her by the estate of Albert. The incidence of the tax on such income is not affected by the fact that payment was made under a court order rather than voluntarily. Cf. *Hort* v. *Commissioner*, 313 U. S. 28; *United States* v. *Safety Car Heating & Lighting Co.*, 297 U. S. 88. It is held that the $61,000 is taxable income under section 22 (a). Respondent's determination is sustained.

*Issue 3.* It has been held under Issue 1, *supra*, that part of the litigation expenses were capital charges and, therefore, are not deductible under section 23 (a) (2). The petitioner has advanced, in the alternative, the contention that the entire expense of the litigation, $174,-445.58, constitutes a loss under section 23 (e) (3). The petitioner does not cite any authority, and we find none, which is in point. Furthermore, similar contentions, to the effect that litigation expenses come within the scope of provisions of the Code allowing deduction for loss, have been rejected. *Kornhauser* v. *United States, supra; Hales-Mullaly, Inc.* v. *Commissioner*, 131 F. 2d 509, 512; *Levitt & Sons, Inc.* v. *Nunan*, 142 F. 2d 795, 798; *Commissioner* v. *Gilt Edge Textile Corporation*, 173 F. 2d 801, 803. The petitioner's contention here must be and is rejected.

Consideration has been given to the petitioner's argument and to cases cited by way of analogy. *Earle* v. *Commissioner*, 72 F. 2d 366,

and *Rankin* v. *Commissioner*, 60 F. 2d 76, are distinguishable on their respective facts and are not in point. Furthermore, in the petitioner's suit, no issue involving the question of theft or embezzlement was pleaded, tried, or proved, and no finding or conclusion of law was made by the Superior Court on such issue. Cf. *John L. Seymour*, 14 T. C. 1111, and *Mary Frances Allen*, 16 T. C. 163, which involved theft and embezzlement. The petitioner, in this proceeding, loosely construes the acts of Oscar Hansen's mother, Josephine, and of his brother, Albert, as tantamount to "theft" or "embezzlement." But they held the Bear stock under a claim of right, and we cannot impute to them the commission of a crime. *Bula E. Croker*, 27 B. T. A. 588. Both Josephine and Albert Hansen were dead at the time of the trial of petitioner's suit against Bear Film Co., Albert's estate, and others. The petitioner's alternative contention lacks merit. However, burdensome taxation of some of the fruits of the litigation may be to the petitioner, we cannot properly conclude as a matter of law that section 23 (e) (3) provides the relief sought. Deductions are a matter of legislative grace, and "a taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms." *New Colonial Ice Co.* v. *Helvering*, 229 U. S. 435.

*Issue 4.* The petitioner in her amended petition alleged, in part, that the respondent erred in allowing deduction of only $30,662.11. We take a liberal view of this pleading and consider that under the entire pleadings, the question of the proper allocation of the total litigation expense between the expense of collecting income and the capital expense is before us. Indeed, under Issue 1, *supra*, involving section 23 (a) (2), the question of allocation is present and inherent. Cf. *Helvering* v. *Stormfeltz, supra*, p. 985, and we believe we would be in error if we failed to give this inherent question the consideration which the record indicates can be given, and which our conclusions under Issue 1 requires, even though neither party has considered the problem of allocation on brief. Since recomputation of the deficiency under Rule 50 is necessary, the matter of adjusting the amount of the allowable deduction under the first part of section 23 (a) (2) for the expense which properly is allocable to collecting income may be made. To that end, the following is pertinent:

(a) It is evident that the petitioner did not complete the schedule of the items of litigation costs and expenses in her return, having left blank the space where she could have inserted the value of the 1,375 shares of Bear Film Co. stock which she delivered to Carl and Elizabeth Hansen under her agreement with them. In this proceeding the parties have stipulated that the value in 1946 of the 1,375 shares of stock was $84,107.54, or about $61.17 per share. That amount is properly added to the litigation expenses reported and deducted in

petitioner's return, $90,338.04, and brings the total amount of the litigation expenses to $174,445.58. The petitioner had, amended her petition to claim an increase in the disputed deduction to $174,445.58, to include $84,107.54, the value of the stock. It has been found as a fact that the total amount of the litigation expense was $174,445.58, and that the payment of $84,107.54 in stock to the Hansens was an ordinary and necessary expense of the litigation.

(b) Under Issue 2, *supra*, it has been held that $61,000 constituted taxable income. It follows that of the total recovered by and awarded to the petitioner by the Superior Court, $124,082 represents the collection or recovery of income, and this has been found as a fact.

(c) The amount of the total recovery was $429,932, which comprises $305,850, the value of 5,000 shares of stock at the stipulated value of $61.17 per share, plus interest and dividends of $124,082; and this has been found as a fact.

(d) The respondent allowed deduction of part of the expenses, to the extent of $30,662.11. The record does not disclose the respondent's basis for the foregoing amount, and we are unable to determine the way in which he arrived at that amount. It is possible that in making a computation which had the result of $30,662.11, the respondent did not take into account as part of the total litigation expense, $84,107.54, the value of the stock transferred to Carl and Elizabeth Hansen. We assume that he included in his computation $61,000 of income, since he made the determination that it was taxable income.

A method of making the proper allocation is indicated in *Helvering* v. *Stormfeltz, supra*, p. 985, and we apply that method here. We conclude and have found that 28.86 per cent of the total expense of litigation, or $50,345, is the part of the expense which is properly allocable to the recovery and collection of income, interest, and dividends, $\left(\dfrac{\$124,082}{\$429,932} \times \$174,445.58\right)$; and that 71.14 per cent of the total expense, or $124,100.58, is properly allocable to the recovery of capital, the 5,000 shares of stock $\left(\dfrac{\$305,850}{\$429,932} \times \$174,445.58\right)$. We make this determination, also, under the doctrine of *Cohan* v. *Commissioner*, 39 F. 2d 540, 543, 545. (See dissenting opinion of Frank, *J.*, in *Hochschild* v. *Commissioner, supra*.)

It is held, therefore, that under section 23 (a) (2) the petitioner is entitled to deduction of $50,345, and that she is not entitled to deduction of $124,100.58, which amount represents capital expense.

*Decision will be entered under Rule 50.*