MIDCO OIL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 20090.   Promulgated June 10, 1953.

*Samuel A. Boorstin, Esq.*, and *Arthur E. Rubin, Esq.*, for the petitioner.

*John P. Higgins, Esq.*, and *W. B. Riley, Esq.*, for the respondent.

588

OPINION.

Murdock, *Judge:* The petitioner claims that the entire amount of the attorney's fees and related expenditures for each year is deductible as an ordinary and necessary expense of that year because the suit was for a money judgment and, as an alternative, if all is not deductible, at least a substantial part allocable to the defense against the claim for dividends and interest, is deductible. The Commissioner contends, on the other hand, that no part of the expenditures for either year is deductible as an ordinary and necessary expense since the primary purpose of the action defended against was to protect the title of the petitioner to the 2,000 shares of its stock purchased on September 3, 1937. The petitioner recognizes many cases holding that

expenses of establishing or protecting title are capital expenditures not deductible as ordinary and necessary expenses.

One of those cases is *Safety Tube Corporation*, 8 T. C. 757, affd. 168 F. 2d 787. The present case is not distinguishable from that case. There, the petitioner was defending its title to a patent and other property. That particular phase of the litigation was terminated favorably to the petitioner in 1940, but the proceeding went to trial to see whether funds such as royalties received from the use of the patent were to be taken away from the petitioner. The jury failed to agree and a decree dismissing the complaint was entered by consent of the parties in 1942. This Court, after a discussion of the subject and the authorities thereon held that none of the legal expenses was deductible as an ordinary and necessary expense but all were capital expenditures. The Circuit Court of Appeals for the Sixth Circuit affirmed, rejecting the argument of the petitioner that after the questions of title to the patent were removed the gist of the action became the right to the income which had been earned from the manufacture of the patent device. The Court said:

The suit clearly involved the title to the Bradley patent as the principal issue and the accounting for royalties as held by the Tax Court was only a corollary to the determination of rights under the patent. The gist of the controversy is the right to the asset which produced the income. If the Bradley patent belonged to Seaton, then obviously the petitioner was not entitled to royalties.

The Court distinguished *Kornhauser* v. *United States*, 276 U. S. 145, and *Rassenfoss* v. *Commissioner*, 158 F. 2d 764. The present case is not distinguishable in principle from the *Safety Tube Corporation* case and, following that authority, the holding must be that none of the amounts in controversy is deductible as an ordinary and necessary expense.

This Court held in *Harold K. Hochschild*, 7 T. C. 81, that a portion of the attorney's fees involved therein was expended in defense of title, was a capital expenditure, and was not deductible as an ordinary and necessary expense, but the remaining portion was allocable to the defense against the claim to interim dividends and was deductible as an expenditure connected with the collection of income. The petitioner's title to stock was involved in that litigation but, nevertheless, the Circuit Court of Appeals for the Second Circuit reversed the Tax Court, 161 F. 2d 817, and held that the entire expenditure was deductible as an ordinary and necessary expense of the business of the petitioner in acting as a director and officer of a corporation. The Court felt that, even though in a sense Hochschild's title to the stock was defended, nevertheless, in the suit he "but fended off an abortive attack upon the conduct of his business as a fiduciary * * *." The present case is distinguishable since here it clearly appears that the major objective and primary purpose of the suit against the petitioner

was to dispute its title to the 2,000 shares of stock purchased on September 3, 1937, and the other phases of the litigation were only corollary.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

OPPER, *J.*, dissenting: As I understand it, the present opinion holds in effect that where the principal purpose of a proceeding deals with the title to property no part of the expenses of litigation may be deducted, but all must be capitalized notwithstanding that the litigation also involves income items and that the attorneys' fees could be allocated on some basis between the latter and the capital expenditure.

The sole authority for this conclusion appears to be *Safety Tube Corporation*, 8 T. C. 757, affd. (C. A. 6) 168 F. 2d 787. Although *Harold K. Hochschild*, 7 T. C. 81, reversed other grounds (C. A. 2) 161 F. 2d 817, had already been decided, holding that under circumstances similar to those here an allocation was proper and should be made, the case is not referred to in *Safety Tube Corporation, supra,* as being overruled. It seems reasonable to assume that it was thought to be distinguishable.

On the other hand, as recently as a year ago, the allocation rule of the *Hochschild* case was followed. *Virginia Hansen Vinsent,* 18 T. C. 339. We there said (p. 349):

The respondent's determination involves recognition that the claims of the petitioner included claims which could be satisfied only by a money judgment as, for example, the earnings of the stock while it was held by the defendants, as well as interest, and he has allowed deduction of part of the expenses * * *. The expenditures which are "at least comparable to those required for the collection of income" are deductible under section 23 (a) (2). *Harold K. Hochschild, * * * supra.*

See also *Adam, Meldrum & Anderson Co.*, 19 T. C. 1130.

Neither of these cases is mentioned in the present opinion. Yet I am unable to understand how they or the *Hochschild* case are distinguishable from the present facts. It seems to me highly unfortunate that two lines of cases apparently remain in existence, neither of them expressly repudiated but reaching opposite results as to the permissibility of allocation between income and capital items in such cases as this.

I would find that a portion of the attorney's fees was paid for the protection of petitioner's right to income, as opposed to the defense of title, and that as to this portion the amount is currently deductible.

KERN, ARUNDELL, JOHNSON, and TIETJENS, *JJ.*, agree with this dissent.