**Helen P. DENIT, by the National Bank of Washington Conservator**

v.

**UNITED STATES of America.**

**Civ. No. Y–81–1026.**

United States District Court,
D. Maryland.

July 29, 1982.

Victor J. Rosenberg, Bethesda, Md., for plaintiff.

Andre M. Davis, Asst. U. S. Atty., Baltimore, Md., and Mitchell R. Berger, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

JOSEPH H. YOUNG, District Judge.

This action was instituted pursuant to 28 U.S.C. § 1346(a)(1) to recover taxes allegedly erroneously assessed and collected from the plaintiff. Plaintiff claims that she is entitled to a "theft loss" deduction, including attorney fees, incurred in connection with a theft loss under 26 U.S.C. § 165(a)(c)(3). The United States seeks summary judgment, asserting that the loss claimed was incurred because of a voluntary payment, and that attorneys' fees do not qualify for theft loss treatment. Partial summary judgment is appropriate because it is clear that even if there was a "theft" within the meaning of the statute, the plaintiff's own voluntary actions caused the "loss." Attorneys' fees are recoverable, however, if they are expenses incurred in an attempt to recover stolen property within the meaning of the statute. Therefore, the issue of whether $35,000.00 in attorneys' fees is deductible is a factual issue to be resolved by trial.

### FACTS

Most of the material facts are undisputed. Sometime during 1974, plaintiff Helen P. Denit paid $365,000 to the Estate of Alieh A. Nourinejad in full settlement of a civil lawsuit then pending in federal court in the District of Columbia. *Francis J. Ferguson, Personal Representative of the Estate of Alieh A. Nourinejad v. Helen P. Denit,* Civil Action No. 2024–70 (1974). The defense of that lawsuit cost plaintiff $35,-077.00 in legal fees, which she paid in 1974. According to the complaint filed by Nouri-

nejad in the District of Columbia, Denit had borrowed $700,000 from Nourinejad between 1963 and 1969, as evidenced by promissory notes executed by Denit. Nourinejad also alleged that she had consigned 22 pieces of jewelry to Denit, valued at $325,000.00, and that Denit had neither returned the jewelry nor sold it on consignment. Until the eve of trial, Denit asserted that both the promissory notes and the jewelry consignment contract were fraudulent and forged. In addition, Denit filed a counterclaim against Nourinejad charging that Nourinejad had fraudulently procured checks from Denit totalling $3,600.00, which Nourinejad characterized as payment of interest on the alleged loans to Denit.

The action was settled before trial for $365,000.00 and Denit claimed in an amended U. S. Individual Income Tax Return (Form 1040X) for the years 1971[1] and 1974, that the amount paid in settlement of the case, plus the attorneys' fees incurred in defending the lawsuit were deductible theft losses under 26 U.S.C. § 165(c)(3). Her refund was denied and she now challenges that denial seeking a refund of taxes, interest and penalties paid for 1971 and 1974.

## DISCUSSION

Losses from theft, not compensated by insurance or otherwise, ordinarily are tax deductible expenses in the year of the discovery of the loss, even if the theft does not occur in connection with a taxpayer's trade or business. 26 U.S.C. §§ 165(a), (c)(3), (e). For tax law purposes, a deductible "theft" loss results from a taking of property that is (1) illegal under the law of the jurisdiction where the misappropriation occurred; and (2) done with criminal intent. *Farcasanu v. Commissioner*, 436 F.2d 146 (D.C.Cir.1970); *Edwards v. Bromberg*, 232 F.2d 107 (5th Cir. 1956); Revenue Ruling 72–112, 1072–1 Cum.Bul. 60.

Plaintiff claims that the procurement of her signature on the promissory notes purporting to show a loan from Nour-

inejad to Denit constitute a taking of property that was illegal under the laws of the District of Columbia, and was done with criminal intent. Indeed, D.C.Code Ann. § 22–1301(a), proscribes procuring "the signature of any person, as maker, indorser, or guarantor to or upon any . . . promissory note" by false pretenses with intent to defraud.

Viewing the record in the light most favorable to the plaintiff, *Butler v. Cooper*, 554 F.2d 645 (4th Cir. 1977), summary judgment must be entered against the plaintiff, however, because a criminal act[2] was not the cause of her loss. There was no loss until the plaintiff decided that rather than risk a judgment against her, and a worsening of her health, she would settle the case out of court. Plaintiff was not induced to part with her property, *i.e.*, the $365,000.00, by false pretenses. She parted with her property for personal reasons. Indeed, the plaintiff knew by her version of the facts, that the execution of the notes was procured by fraud before she chose to settle the suit. Even if there was conduct perpetrated with the requisite criminal intent, there was no "loss" which is deductible under 26 U.S.C. § 165(c)(3). *See Lester I. Paine*, 63 T.C. 736 (1975), *aff'd unpublished opinion* (5th Cir. Nov., 1975); *Parker C. Folse, et al.*, 32 TCM 436 (1973); *F. R. Ingram, et al. v. Commissioner*, 20 TCM 1447 (1961).

Generally, it is not a prerequisite to a deduction under Section 165(c)(3) that the taxpayer proceed against the thief in a separate proceeding. *Paul C. F. Vietzke*, 37 T.C. 504 (1961); *Kennedy v. United States*, 109 F.Supp. 509 (D.R.I.1952). This case is distinguishable however, and following the ruling in *Vesta Peak Maxwell*, 1940 P–H B.T.A. Memo Decisions, ¶ 40,081, this Court finds that plaintiff's failure to pursue the remedy which was available to her by defending the case in the District of Columbia amounts to an abandonment of the proper-

---

1. The deduction for 1971 was a carryback of the amount of the claimed deduction for 1974 that was not fully absorbed in 1974.

2. The Court need not and does not now decide whether the execution of the notes was procured by a criminal act.

ty to the taker. *See also Kennedy v. United States, supra,* 109 F.Supp. at 512. The United States taxpayers *en masse* cannot be made to absorb the loss which may not have been a loss at all had plaintiff gone to trial in the district court and prevailed on the issue of fraud. The Court will therefore enter summary judgment in favor of the United States on the issue of the deductibility of the $365,000.00.

Attorneys' fees are recoverable, however, if they are part of the cost of recovering stolen property within the meaning of the statute, or if they are costs incurred to prevent the loss of other property within the meaning of the statute. *See, e.g., Vesta Peak Maxwell, supra; Ander v. Commissioner,* 47 T.C. 592 (1967); *Earle v. Commissioner,* 72 F.2d 366 (2d Cir. 1934). If plaintiff can prove at trial by a preponderance of the evidence that the execution of the promissory notes was a theft within the meaning of the statute, and that the attorneys' fees were expenses necessary to prevent the loss of a greater amount of money by means of the fraud, then plaintiff may prevail on the deductibility of the attorneys' fees.

For the above reasons, it is this 29th day of July, 1982, by the United States District Court for the District of Maryland, OR-DERED:

1. That partial summary judgment BE, and the same IS, hereby GRANTED in favor of the United States on the issue of the deductibility of the amount paid in settlement of the lawsuit; and

2. That defendant's motion for summary judgment BE, and the same IS, hereby DENIED, on the issue of the deductibility of the attorneys' fees.